DIVEN, receiver &c., *vs.* DUNCAN and others.

A proceeding under the act of 1849, " to enforce the responsibilities of stockholders," &c. (*Laws of* 1849, *p.* 343,) is not barred by a previous judgment recovered in an action instituted under the revised statutes, (2 *R. S.* 463, §§ 39, 40,) by a stockholder of the bank, to compel the application of its assets to the payment of its debts.

In a proceeding under the act of 1849 to enforce the individual liability of the stockholders of an insolvent bank, for the payment of its debts remaining after its assets are exhausted, executors are properly chargeable as holders of stock which appears on the books of the bank to have been held originally by their testator, and subsequently by them.

If a stockholder is living, and a resident of the county in which the notice to stockholders is published, at the time the publication commences, his death afterwards will not abate the proceedings, or render the publication ineffectual.

ON the 21st of September, 1857, the Yates County Bank, a safety fund institution, having stopped payment, Peter S. Oliver, a stockholder, commenced an action by summons and complaint, in this court, against the said corporation, under the provisions of the revised statutes, for an injunction, the appointment of a receiver, and to wind up its affairs. On the 22d of September, 1857, this court, at a general term, granted the injunction prayed for, and appointed Alexander S. Diven, the plaintiff in this suit, receiver of the property and effects of the bank. Final judgment was rendered and perfected in that action, according to the prayer of the complaint, on the 15th of October, 1857.

Afterwards, and on the 9th of November, 1857, under the act of 1849, entitled "An act to enforce the responsibilities of stockholders" &c., passed April 5, 1849, (*Laws of* 1849, *p.* 343,) the plaintiff was duly appointed receiver of the bank, and soon thereafter took into his possession and under his control the assets of the bank. On the 7th of September, 1861, the plaintiff, as such receiver, presented to the Hon. Henry Welles, one of the justices of this court, an account and report, pursuant to the 14th section of the act, containing an account of the debts and liabilities of the bank remaining unpaid, together with a list and statement of the

persons who, since the 1st of January, 1850, were stockholders, as required by the 15th section. Judge Welles thereupon made an order appointing Samuel H. Welles referee, and referring the said report and list of stockholders to him, with directions to apportion the debts &c. among the stockholders, as required by section 16. The referee, having notified the stockholders of the time and place of meeting, proceeded with the reference and made and signed his report, charging the stockholders with the debts of the bank. This was a motion to confirm the report, and for judgment.

*D. B. Prosser*, for the plaintiff.

*H. O. Chesebro*, for the defendants.

JAMES C. SMITH, J. Various objections are made to a confirmation of the report of the referee in this proceeding; some upon grounds common to all the stockholders, and others relating only to the particular case of the party objecting. The former class will be first considered.

The objection that this proceeding is barred by the judgment recovered in the action commenced by Peter S. Oliver, against the bank, is unsound. The action referred to is an essentially different remedy from this proceeding. It was instituted under the revised statutes, (2 *R. S.* 463, §§ 39, 40,) by a stockholder of the bank, to compel the application of its assets to the payment of its debts; while this proceeding is brought under the provisions of an act passed in 1849, (*Laws, ch.* 226,) to enforce the individual liability of the stockholders of the bank for the payment of its debts remaining *after its assets are exhausted,* which liability was created by the constitution of 1846, and by the very terms of the act can be enforced in *no other manner* than that prescribed by the act itself. (§ 1.) Besides, it does not appear that the plaintiff in this proceeding ever acted under his appointment as receiver in the action commenced by Mr. Oliver. On the other hand, it appears that under his appointment in this

proceeding, which was made subsequently to the last step shown to have been taken in that suit, he entered upon his duties as receiver, took possession of the property of the bank, and disposed of it as required by the act. It further appears that Mr. Oliver was employed by him, and acted throughout as his managing clerk, in the performance of those duties. The assets of the bank having been thus disposed of by the receiver in this proceeding, in the mode required by the act, with the active concurrence of the plaintiff in the action, and without objection by the stockholders, so far as appears, I do not see upon what principle the action can now be interposed as a bar to the further prosecution of this proceeding by the receiver to enforce a liability on the part of the stockholders which could not have been enforced in the action.

The constitutional questions raised by the stockholders have been decided adversely to their views. (*In the matter of Oliver Lee & Co.'s Bank*, 21 *N. Y. Rep.* 9; *S. C. in Supr. Court of U. S. Matter of the Empire City Bank*, 18 *N. Y. Rep.* 199. *In the matter of the Reciprocity Bank,* 22 *id.* 9.)

The objections taken to the report of the receiver, on which the justice acted in making the order of reference, are not available to the stockholders for the purpose of defeating this application. The only object of the report was to inform the court that the affairs of the bank presented a case within its general jurisdiction of proceedings against the stockholders of banks of issue, to charge them with the unpaid debts of such banks. The order of reference was the beginning of litigation as to the stockholders. They were not parties to the previous proceedings of the receiver, nor in any respect concluded by them. They had an opportunity, before the referee, to contest all the matters required by the act to be alleged in the report of the receiver, (*per Denio, J. in the matter of the Empire City Bank, supra, pp.* 208, 209, 211 *to* 214,) and having availed themselves of such opportunity, they cannot now object that the report was insufficient.

The same reasoning applies to the position taken by the

Diven *v.* Duncan.

objectors, that it appears affirmatively from the testimony taken before the referee that no proper legal evidence of the claims against the bank, allowed by the receiver, was presented to that officer, and therefore, that they were not "established" by him in any legal sense. His action in that respect is not conclusive upon the stockholders, as they may litigate all claims before the referee; and the allegations in his report, in respect to the amount of the debts of the bank, and the evidence on which he based his conclusions, were sufficient to authorize the order of reference. Even if it were competent now to inquire into the evidence on which he acted, it would be found sufficient. It consisted of entries in the books of the bank, and they are competent *prima facie* evidence, as against the stockholders. The same evidence was produced before the referee, and warrants his report in respect to the amount of debts, to wit, that the debts remaining unpaid, for which the stockholders are individually liable, exceed in amount the whole capital stock.

It is objected that the power of the court to order a reference in this proceeding was exhausted by its order to that effect of 2d May, 1860, under which a hearing was commenced before the referee, but not brought to a conclusion, and which order has not been vacated. The second order of reference made while the first was in force, may have been irregular, but it was not absolutely void. It was in the power of the court, on good cause shown, to vacate the first order, at any time before the referee had completely executed it, and upon a proper application, to make another order of the same nature. It was admitted before the referee that after the decision of the court of appeals in the matter of the Reciprocity Bank (*supra*) the stockholders took the objection, upon the hearing under the first order, that the assets of the bank had not been exhausted, and the counsel for the receiver thereupon withdrew his papers from the referee. For aught that appears, this step was taken by him without any objection by the stockholders, and no further action was had

under that order by either party. The proceedings under that order may therefore be regarded as having been discontinued by common consent, for the reason that the order was made before the assets of the bank had been exhausted, and, of course no valid action could be had under it. If a formal order had been entered in accordance with that arrangement of the parties, there would have been no ground for claiming even an irregularity in the subsequent proceedings, and if the omission to enter such order were material, it clearly would be in the power of the court to remedy it by an order *nunc pro tunc*, discontinuing the proceedings before the referee and vacating the order appointing him. But a mere irregularity in that report cannot be taken advantage of at this stage of the proceeding.

It remains to consider the second class of objections.

I think the objectors, Curtis and Jones, as surviving executors of Daniel S. Marsh, are properly chargeable as the holders of the twenty shares of stock which appear on the books of the bank, to have been held originally by their testator, and subsequently by his executors. Not that they are to be regarded as "equitable owners," within the meaning of the second section of the act, but having the legal title to the stock, they are liable under the first section. Besides, the pecuniary liability which would have rested upon the testator, if he were now living, may be enforced against his estate, and primarily against his personal property, the legal title of which is in them.

For similar reasons the administrators of Andrew F. Oliver are liable in their representative character.

I am also of the opinion that Mrs. Rankin is properly charged, as the executrix of the will of her husband, upon the stock in her hands. Her case is substantially like that of the executors of Marsh, except that it is claimed in her behalf that she was not served with notice of the hearing before the referee. Her husband was living when the order of reference was made, and as service of the notice could

properly be made on him by publication, he being a resident of the county of Ontario, his name was inserted in the notice, which was first published on the 12th of September. I do not think it can be successfully claimed that his death, on the 26th day of the same month, abated the proceeding or rendered the publication ineffectual. Such a construction would often greatly retard and embarrass, if not wholly defeat, the object of the statute, in cases where the stockholders are numerous. In view of the summary nature of the proceeding, and the provisions of the act dispensing with personal service as to stockholders residing out of the county in which the bank was located, I think the notice was sufficient. (18 *N. Y. Rep.* 214 *to* 217.)

The report of the referee should be confirmed and judgment ordered accordingly.

[YATES SPECIAL TERM, October 21, 1862. *J. C. Smith*, Justice. Affirmed at the MONROE GENERAL TERM, December, 7 1863. *E. D. Smith, Johnson* and *J. C. Smith*, Justices.]