[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 114 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 115 
It will be conceded that when a stockholder in any corporation dies, his estate succeeds him in the title to, and the rights in, the stock he held. Of necessity, it must take that title and those rights subject to any liability then existing upon them; and so long as the estate is, by operation of law, the holder of such stock, the estate must become responsible for any obligations accruing during that time, which the law may impose upon any holder of the stock, as such. Such liability proceeds not from any new contract, made by or on behalf of the estate; but is inherent in the property itself. To avoid it the estate must part from the property; must cease to be the holder of the stock. Or, calling it a contract liability, it arises out of a contract made by the stockholder, and binding his personal representatives as it bound him, as long as the relation of stockholder existed.
The stock in the case before us was owned by Kirkpatrick, in a company whose charter the legislature had the power to alter, amend or repeal; and by that charter the corporation was to exist until April, 1844. And although Kirkpatrick died in 1832, there can be no doubt that, if his estate continued to hold the stock for the residue of the time the charter had to run, the estate would be liable to any and all the incidents which, during that time, might attach to the stock; and (according to the decision in the case of the Oliver Lee Co.'s Bank) to any liabilities which the legislature might attach to the same stock and its holder during the same time, as the stockholder's assent is not necessary to the attaching of the liability; and attaching it by law, without his assent, is not in violation of the Constitution of the United States. Under the decisions, it seems difficult for a stockholder, or his estate after him, to avoid the effect of any form of legislative action which has yet been had in regard to corporations. Unless his dissent is expressed by selling his stock, the law *Page 117 
assents for him. And whatever might be true where a charter had actually expired before an act to continue or renew it had been passed, it cannot be said that extending the life of a corporation (with all its organization in full operation) is anything more than extending a liability, from which any stockholder may free himself by a sale of his rights and interest. This, if the corporation be solvent, he can do. If it be insolvent, the law affords the means of winding it up and stopping additional liability. Beyond this, it can afford him no protection against the acts of those with whom he voluntarily became an associate.
The judgment of the Supreme Court should be affirmed.
WRIGHT, SUTHERLAND, ALLEN and SMITH, Js., concurring,
Judgment affirmed.