IRA MANVILLE, Appellant, *v.* T. B. EDGAR ET AL., EXECUTORS, Respondents.

### February 10, 1880.

Where, under a charter provision, a stockholder is liable for the debts of the corporation to the amount of his stock, this liability arises out of contract; and though the debt may accrue after the stockholder's death, it is a claim against his estate, and an action lies against his executor.

APPEAL from the St. Louis Circuit Court.
*Reversed and remanded.*

EDWARD CUNNINGHAM, Jr., for the appellant, upon this point cited: Thomp. on Stock., sects. 249, 254, and cases cited; *Presbyterian Church* v. *McIlhenny,* 61 Mo. — ; *Sauer* v. *Griffin,* 67 Mo. — ; *Payson* v. *Hadduck,* 8 Ch. Leg. N. — ; *Bailey* v. *Hollister,* 26 N. Y. 112; *Diven* v. *Duncan,* 41 Barb. 520.

D'ARCY & NAGEL, for the respondents.

HAYDEN, J., delivered the opinion of the court.

This case involves the same question as the case of *Hodgson* v. *Cheever, ante,* p. 318, decided at the present term.   In the case at bar the question arose upon demurrer.   The petition stated facts similar to those which are given in the opinion delivered in the case of *Hodgson* v. *Cheever.*   The testator of the present defendants was a stockholder in the People's Bank of Belleville, Illinois, and the question is here as to the liability of the executors under the same provision of the bank's charter which is construed in the opinion de-

livered in that case. The present suit was originally brought against the executors in the St. Louis Circuit Court.

It would seem to follow, if the liability of the shareholder arises out of contract, and there is a personal obligation on his part to pay to the individual creditors, that upon the implied promise of the testator made in his lifetime, though the debt may accrue afterwards, the executors are liable if they have funds of the testator. The petition alleges that the testator was at the time of his death, and that his executors ever since have been and are, a stockholder in the bank, and the owner and holder of twenty-five shares of its stock; but, considering precisely the position which executors occupy in respect to their being shareholders, we think that the estate of the deceased is liable, under the contract of the testator, as he would have been in his lifetime, and that this action lies against the executors. *Davidson* v. *Rankin*, 34 Cal. 503; *Diven* v. *Duncan*, 41 Barb. 520; *Grew* v. *Breed*, 10 Metc. 576; *Bailey* v. *Hollister*, 26 N. Y. 112. See *Robinson's Exrs. Case*, 6 De G. M. & G. 572; *Blakely's Exrs. Case*, 3 Mac. & G. 734.

The judgment of the court below is reversed and the case remanded for a new trial. Judge BAKEWELL concurs; Judge LEWIS is absent.