S. SKIDDY COCHRAN et al., Respondents, v. WILLIAM A. WIECHERS, Impleaded, etc., Appellant.

Under the provision of the act of 1875, providing for the organization of certain business corporations (§ 37, chap. 611, Laws of 1875), which makes the stockholders "in limited liability companies" individually liable "to an amount equal to the amount of stock held by them respectively" for all the debts of the company, until the whole amount of capital stock has been paid in and a certificate thereof made and recorded, the liability so imposed is not penal, but is in the nature of a contract obligation, and so it survives the death of a stockholder, and continues against his personal representatives. The statutory obligation which the stockholder assumes when he becomes such, is inherent in, and becomes part of every contract made by the corporation with the creditors prior to the time that the certificate required is filed.

(Argued January 27, 1890; decided February 25, 1890.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial department, made July 9, 1889, which reversed an order of Special Term, denying a motion to revive an action against the executors of the defendant William A. Wiechers, and granted the motion.

The nature of the action and the material facts are stated in the opinion.

*Henry Schmitt* for appellants. The cause of action set out in the complaint does not survive against the executors of Wiechers. (Laws of 1875, chap. 611, § 37.) This action, so far as it affects Wiechers, is a penal action. (*Bank of California* v. *Collins*, 5 Hun, 209; *Easterly* v. *Barber*, 65 N. Y. 252, 255; *Reynolds* v. *Mason*, 54 How. Pr. 213; *Stokes* v. *Stickney*, 96 N. Y. 323; *State* v. *Starkweather*, 8 J. & S. 460;

Abb. Dig. 79 ; Wait on Insol. Corp. § 565 ; *Irvine* v. *McKean*, 23 Cal. 472 ; *Errickson* v. *Nesmith*, 86 Mass. 233 ; *Halsey* v. *McClean*, 94 id. 442 ; *Andrews* v. *Callander*, 30 id. 490 ; *Ripley* v. *Sampson*, 27 id. 372 ; *Dane* v. *D. M. Co.*, 80 id. 488 ; *Vincent* v. *Sands*, 42 Abb. Pr. 235 ; *Gregory* v. *G. Bank*, 3 Col. 332 ; *V. W. P. Co.* v. *Beecher*, 26 Hun, 52.) There is no authority in this state that holds that, on the same facts as those of the case at bar, the liability sought to be enforced is not in the nature of a penalty. (*Jessup* v. *Carnegie*, 80 N. Y. 441.)

*Henry D. Hotchkiss*, for respondents.     There are two distinct liabilities of the stockholders set forth in the complaint, and both causes of action survive. (*Bartlett* v. *Drew*, 57 N. Y. 587 ; *Bogardus* v. *R. M. Co.*, 7 id. 147 ; Cook on Stockholders, § 218 ; 77 N. Y. 33 ; *Corning* v. *McCullough*, 1 id. 47 ; *Story* v. *Furman*, 25 id. 214 ; *Lowry* v. *Inman*, 46 id. 119 ; *Wiles* v. *Suydam*, 64 id. 173 ; *Flash* v. *Conn.*, 109 U. S. 371.)     The liability is not penal, but is one on contract, and so survives as against representatives of a deceased stockholder. (*Bailey* v. *Hollister*, 26 N. Y. 112 ; *Chase* v. *Lord*, 77 id. 1 ; 6 Abb. [N. C.] 258 ; *Richmonds* v. *Irons*, 121 U. S. 27.)     The fact that the action of *Reid* v. *Wiechers* is pending does not affect the present case. (*Pfohl* v. *Simpson*, 74 N. Y. 137.)

O'BRIEN, J.     The plaintiffs are judgment creditors of the American Opera Company, Limited, a domestic corporation formed under chapter 611 of the Laws of 1875, for the incorporation of business corporations with limited liability. The capital stock of the company was fixed at $500,000, only $148,000 of which was ever paid in, and no certificate that the capital stock had been paid in has ever been made or recorded as prescribed by the statute under which the company was incorporated.

The plaintiffs' action is in the nature of a creditor's suit to settle the affairs of the American Opera Company, Limited, and distribute its assets, as well as the proceeds of the stock-

holders individual liability among the company's creditors.
(*Pfohl* v. *Simpson*, 74 N. Y. 137.) The complaint alleges
the incorporation of the company, the amount of its capital
stock, the amount paid in as above stated, and the fact that no
certificate of the company had been made or filed as required
by the statute.

Numerous persons have been joined as defendants with the
opera company, as to whom it is alleged that they are either
creditors or stockholders of the company, and among these
William A. Wiechers was named as a defendant, as to whom
it was claimed that he was a stockholder holding twenty-five
shares of the stock of the company. It is also alleged in the
complaint that several of the parties defendant, who were
stockholders, were indebted to the company for their stock.
This allegation is general, and the particular persons claimed
to be so indebted are not named. Wiechers was served with
the complaint and appeared and answered. On or about
December 14, 1888, he died, leaving a last will and testament
wherein he appointed executors. The will has been admitted
to probate by the surrogate of New York county, and letters
testamentary issued to the executors who have qualified and
taken upon themselves the execution of the trust.

After the death of Wiechers the plaintiffs applied to the
Special Term to revive and continue the action against the
executors, and the Special Term denied the motion, upon the
ground that the cause of action stated in the complaint against
the deceased was of a penal character and did not survive.
Upon appeal to the General Term from this order it was
reversed and the court directed that the action be revived and
continued against the executors of Wiechers, and that the
plaintiffs have leave to serve a supplemental summons and
complaint on the executors. From the order of reversal the
executors have appealed to this court.

The cause of action stated in the complaint against the
stockholders is two fold. First, it is alleged that many of
them are indebted to the company for their capital stock, and
second, that as the capital stock was never fully paid in and

no certificate thereof ever made or filed, the defendants who were stockholders are liable for its debts to the extent of their stock. The question is whether a liability of this character on the part of a stockholder to the creditors of a corporation survives.

If the liability is penal in its nature it is conceded that it does not survive, while if the liability is in the nature of a contract obligation it is conceded that it does.

The provisions of the statute of 1875 upon which this action is based, so far as the stockholders are concerned, is as follows: "In limited liability companies all the stockholders shall be severally and individually liable to the creditors of the company in which they are stockholders to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company has been paid in, and a certificate thereof has been made and recorded as hereinafter prescribed."

We think the liability created by this statute survived the death of the stockholder and continues against the executors.

It is not like the liability of a trustee for neglecting to make a report, or for declaring dividends out of capital stock, or acts of a kindred character. These are breaches of duty on the part of the managing agents of the corporation for which the statute has made them liable, and this liability cannot be said to rest upon or grow out of a contract. The liability of a stockholder in the present case is different. Upon becoming the owner of the stock he voluntarily assumes the obligations imposed by the statute, and the creditors of the corporation who trust it, may be said to do so upon the faith of the statute which is part of the contract. The statutory obligation is inherent in and forms a part of every contract that the corporation makes with creditors prior to the time that the certificate required by the statute is filed.

In *Lowry* v. *Inman* (46 N. Y. 119), ALLEN, J., stated the principle (125, 126), as follows: "A personal liability of stockholders for the debts of a corporation, in virtue of the

charter, is not in the nature of a penalty or forfeiture, and does not exist solely as a liability imposed by statute. It is not enforced simply as a statutory obligation, but is regarded as voluntarily assumed by the act of becoming a stockholder. By such acts he assents to be bound, or that his property shall be charged with debts of the corporation, to the extent and in the manner prescribed by the act of incorporation."

In *Wiles* v. *Suydam* (64 N. Y. 173) it was sought to hold the defendant, as a stockholder in a manufacturing company, on his liability under section 10 of the act of 1848, chapter 40, a section which, in substance, is almost identical with the one now under consideration, and also, as a trustee, on his liability for all the debts, because of a failure to file a report. A demurrer on the ground of the improper joinder of causes of action was sustained. The court, distinguishing between the two kinds of liability, said (Church, Ch. J.): "The cause of action against the defendant as a stockholder consists of the debt and the liability created by statute against stockholders when the stock has not been paid in and a certificate of that fact recorded. * * * The first cause of action against the defendant as a stockholder is an action on contract. The six years' statute of limitations applies. The defendant is entitled to contribution."

The liability of Wiechers, therefore, being in the nature of a contract obligation, it survived his death, and the action can be continued against his personal representatives.

In *Bailey* v. *Hollister* (26 N. Y. 112) the court expressly recognized this principle. Gould, J., said: "It will be conceded that when a stockholder in any corporation dies, his estate succeeds him in the title to, and the rights in, the stock he held. Of necessity, it must take that title and those rights subject to any liability then existing upon them; and so long as the estate is, by operation of law, the holder of such stock, it must become responsible for any obligations accruing during that time which the law may impose upon any holder of the stock as such. Such liability proceeds, not from any new contract made by or on behalf of the estate, but is

inherent in the property itself. * * * Or, calling it a contract liability, it arises out of a contract made by the stockholder, and binding his personal representatives as it bound him, as long as the relation of stockholder existed."

The liability of the estate of the deceased stockholder under the statute is so well established, upon principle and authority, that further discussion is unnecessary. (*Chase* v *Lord*, 77 N. Y. 1; *Flash* v. *Conn*, 109 U. S. 371; *Richmond* v. *Irons*, 121 id. 27.)

The order of the Special Term denying the motion to revive and continue the action against the executors was properly reversed by the General Term, and its order of reversal should be affirmed, with costs.

All concur.

Order affirmed.