(2 Misc. Rep. 226.)

CLOSE v. NOYE.

(Superior Court of Buffalo, Trial Term. January 17, 1893.)

CORPORATIONS—LIABILITY OF STOCKHOLDERS—AMENDMENT OF STATUTE.

> Under 3 Rev. St. (8th Ed.) p. 1958, § 19, providing that the legislature may alter or repeal the act authorizing the incorporation of manufacturing companies, or annul or repeal any incorporation formed or created thereunder, the legislature may impose a liability on a stockholder for debts of the company, though by the act under which the company was formed he was expressly exempted from such liability.

Action by Charles J. Close against Richard K. Noye to recover of defendant an amount due on notes given by a company of which defendant was a stockholder. Judgment for plaintiff.

Simon Fleischmann, for plaintiff.
Adelbert Moot, for defendant.

HATCH, J. It is undisputed that a corporation known as the American Bit & Brace Company was legally organized; that defendant became a stockholder thereof March 1, 1888, when he received 8 shares, of the par value of $100 each, and between that date and March 8, 1889, he received 8 shares more, making in all 16 shares. This stock was issued to defendant by virtue of an agreement made with the company to receive the same in consideration of the use of a building and power necessary for the company in the prosecution of its business. The capital stock of the company was never paid in full, and no certificate was ever made and filed, stating the amount of the capital stock, or that any part thereof had been paid in. The indebtedness which is the subject-matter of this suit arose out of a loan of $10,000, for which the company gave its notes. They, not being paid at maturity, were consolidated in one note, renewed, and thereafter plaintiff became the holder of the same before maturity, for value. The note not being paid when due, judgment was obtained against the company, and execution issued thereon, which was returned unsatisfied. Thereupon this action was brought. It is insisted by defendant that he is relieved from liability for the reason that the stock was issued to him for the purchase price of property necessary for the use of the company; that it is therefore exempt from liability for the debts of the company, by virtue of the statute existing at the time when the stock was issued to him; that, as the stock was thus exempt from liability for the debts of the company, he thereby became vested with a contract interest, which could not thereafter be affected

or impaired by act of the legislature, or by any other method. Both positions of defendant are controverted.

In the view I take of this case, it is essential to determine but one of these questions. It may be conceded, for present purposes, that the stock was issued to defendant in payment for property, and that the statute of 1853 (3 Rev. St. [8th Ed.] p. 1961) exempts such stockholder from liability created under the act of incorporation. It, however, still remains as the fact that prior to the creation of the debt, and while defendant was a stockholder, this act was repealed, (Laws 1890, c. 564.) Consequently there was no exemption of this stock at the time when the indebtedness arose. We therefore come to the question, was it within the legislative power to change the law, that liability might be created? By virtue of section 19 of the act authorizing the creation of the company, (3 Rev. St. [8th Ed.] p. 1958,)[1] the legislature reserved the right to alter, amend, or repeal the same. By virtue of this reserved power it has been held to be within the legislature's province to impose, by way of amendment, a future liability upon a stockholder, where before, by express provision of law, he was exempted from liability. In re Lee's Bank of Buffalo, 21 N. Y. 9. This is the doctrine of the court of appeals, affirmed in the same case by the supreme court of the United States, under the name Sherman v. Smith, 1 Black, 587, and, so far as I am able to discover, remains the law at this day. I am quite aware that in some states, in some opinions, and in some text-books, phrases, with perhaps sustained statements, may be found in apparent conflict with this view. They do not, however, exist in this state, for here the statements and decisions have remained consistent and uniform in support of such doctrine. Mayor, etc., of New York v. Twenty-Third St. Ry. Co., 113 N. Y. 311, 21 N. E. Rep. 60; Hotel Co. v. Hersee, 79 N. Y. 454, where the court say, "In such cases, subscribers to the stock of corporations whose charters are liable to be so changed or altered must be regarded as consenting to the change." Bailey v. Hollister, 26 N. Y. 112; In re Empire City Bank, 18 N. Y. 199; McLaren v. Pennington, 1 Paige, 102; Plankroad Co. v. Griffin, 24 N. Y. 150; In re Reciprocity Bank, 22 N. Y. 9. The principle underlying this determination has recently been the subject of decision by the supreme court of Rhode Island, (State v. Manufacturing Co., [R. I.] 25 Atl. Rep. 246,) where the doctrine herein contended for is supported.

These views lead to a judgment for plaintiff, with costs.

[1] 3 Rev. St. (8th Ed.) p. 1958, § 19, provides that the legislature may alter or repeal the act authorizing the incorporation of manufacturing companies, or annul or repeal any incorporation formed or created thereunder.