(Lucas County Court of Common Pleas.)

THE NORTHERN NATIONAL BANK v. THE MAUMEE ROLLING MILL CO. ET AL.

*Attachment sustained in an action to enforce statutory liability of a stockholder—What is a sufficient statement of plaintiff's claim—Verification of petition by agent and attorney.*

---

1. An action by a creditor of an insolvent corporation under section 3260, Rev. Stat., to enforce the statutory liability of a stockholder for the debts of the corporation is an action upon a demand arising upon contract within the meaning of section 5521, Rev. Stat., relating to attachments against the property of non-resident debtors.
2. The affidavit for an attachment in such an action, which alleges that the defendant is a stockholder of the corporation, that the action is brought to enforce the liability of the stockholders of the corporation under the constitution and laws of the state of Ohio for the payment of the debts of the corporation, and that the claim sued on against the defendant is his liability as such stockholder for the debts of the corporation, sufficiently shows "the nature of the plaintiff's claim" within the meaning of section 5522, Rev. Stat.
3. Under section 5102, Rev. Stat., the pleading of a corporation may be verified by the affidavit of its officer, agent or attorney, and the provisions of section 5109, Rev. Stat., do not apply to such a case.

(Decided December 15, 1894.)

PUGSLEY, J.

This case is before the court upon a motion by the defendant, Henry Worthington, to discharge an attachment. The action was brought by the plaintiff as a creditor cf The Maumee Rolling Mill Co., an insolvent coproration, against the corporation and its stockholders, to subject the statutory liability of the stockholders to the payment of its debts. The petition was filed upon the 26th day of May, 1894. Upon the 11th day of July, 1894, an affidavit for an attachment was filed by the plaintiff against the defendant Worthington, upon the ground of non-residence. Upon the same day an order of attachment was issued, and on the following day the attachment was levied by the sheriff upon a large amount of real estate situated in this county, as the property of the defendant. The defendant has filed a motion to discharge the attachment upon two grounds: 1. That the plaintiff is not entitled to an attachment, for the reason that the action is not for a debt or demand arising upon contract; and 2, That the affidavit for the attachment is defective, for the reason that it does not show the nature of the plaintiff's claim. I will read the affidavit omitting the caption:

"G. W. Kinney being first duly sworn deposes and says: That he is one of the attorneys for the plaintiff herein; that the defendant The Maumee Rolling Mill Co., is a corporation organized and existing under the laws of the state of Ohio, and that the defendant, Henry Worthington, is a stockholder of said corporation, and is the owner and holder of 154 shares of the capital stock of said corporation, of the par value of $154,000; that this action is brought to enforce the liability of the stockholders of said corporation under the constitution and laws of the state of Ohio, for the payment of the debts of said defendant corporation, and that the claim sued on against said defendant, Henry Worthington is his liability as such stockholder for the debts of the said defendant corporation; and that said claim is just. Affiant believes that the said plaintiff ought to recover from the said defendant, Henry Worthington, the sum of $65,000, with interest. The defendant, Henry Worthington, is a non-resident of the state of Ohio."

Section 5521, Rev. Stat., as amended March 2, 1891, and now in force, reads as follows:

"In a civil action for the recovery of money, the plaintiff may, at or after the commencement thereof, have an attachment against the property of the defendant, upon the grounds herein stated:

"1. When the defendant, or one of several defendants, is a foreign corporation, or a non-resident of this state."

Eight other grounds fcr attachment are specified, which need not be referred to. Then follows this provision:

"But an attachment shall not be granted on the ground that the defendant is a foreign corporation or a non-resident of this state for any other claim other than a debt or demand arising upon contract, judgment or decree, or for causing death or a personal injury by a negligent or wrongful act."

While the language of this provision is not in all respects as clearly expressed as it might be, yet, under that clause which is applicable here, the question to be determined is fairly presented; and that is, whether this action is one for a debt or demand arising upon contract.

It must be conceded that it is a civil action for the recovery of money; but to warrant an attachment on the ground of non-residence, it must be for a debt or demand arising upon contract.

It is contended by the defendant that the word "contract" in the statute is not used in a broad and general sense as including all obliga-

tions of a contractual nature, but that it must be construed as meaning only what is commonly understood by that term, namely, an agreement expressed or implied, arising directly from the dealings of the parties with each other, and creating a right of action at common law , without the aid of any statute. On the other hand, it is contended by the plaintiff that there is no good reason for limiting the word "contract" to any particular kind of contract obligation; but that, under the liberal interpretation given to this statute by former decisions of the Supreme Court, it must· be held to include all obligations which embrace the elements of a contract and exclude no obligations or liabilities excepting torts and such as are clearly not contractual in their nature.

As to the nature of this action, under our statutes and decisions, there can be very little controversy. By sec. 3258, Rev. Stat., "The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed. or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation." By sec. 3260, "A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation, and against all persons liable as stockholders; and in such action there shall be found and determined the amount payable by each persons liable as stockholder on all the indebtedness of the corporation." This latter section, which first appeared in the revision of 1880, merely incorporated into the statute what had before that been decided by the Supreme Court, with the addition that a stockholder as well as a creditor may bring the action to enforce the liability.

It is an equitable action under the statute for the common and equal benefit of all the creditors. No creditor can acquire a priority or institute a separate suit in his own behalf. As between the stockholders and the creditors, each stockholder is severally liable to all the creditors, and as among the stockholders, each stockholder is bound to pay in proportion to his stock. It is further held that the liability of the stockholders is not a primary fund for the payment of the debts of the corporation, but is collateral and conditional to the principal obligation which rests upon the corporation, and is to be resorted to by creditors only in case of the insolvency of the corporation, or when payment cannot be enforced against it by ordinary process, and that this conditional liability has reference only to the condition to which its enforcement by creditors is subject; and that its taking effect as an obligation in favor of creditors is not conditional or contingent.

In the case of Hawkins v. Furnace Co., 40 Ohio St. 507, it was held that the action of a creditor to enforce the stockholder's liability is an action upon a liability created by statute, and is barred in six years; but the court say that it also embraces the elements of an implied contract, and that the bar of the statute as to actions upon implied contracts would be applied, if the implied contract only could furnish a bar; and that while the statute creates the obligation, a contract or promise is raised by implication, which runs with the statute liability.

In the case of Brown v. Hitchcock, 36 Ohio St. 667, it was held that the stockholders' liability attaches in favor of creditors at the time the debt is° contracted by the corporation. I will read from the opinion in that case, on page 678·

"The corporation itself is a mere legal entity, existing only in legal contemplation, and is created for the convenience and benefit of the

stockholders. All its dealings are for and on their account. It can contract no debts except under the authority, express or implied, of the stockholders, and through their corporate agents. Our constitution and laws therefore make it an essential condition to persons thus availing themselves of the instrumentality of a corporation for the transaction of business that the security of their personal liability shall attach to and attend all corporate liabilities.

In speaking of this liability of stockholders, in Corning v. McCullough, 1 Comst. 47-55, the court say: "It is a liability which every stockholder must be understood to assume and take upon himself and to be under to those who deal with the company. Dealers contract with the corporation on the faith of that security for the performance of the contract. The credit they give is given, and they trust as well to the personal liability of the stockholders as to the responsibility of the corporation for the fulfilment of the engagement; and each stockholder incurs that responsibility to the creditor the moment the contract of such creditor with the company is consummated." Again, on page 54, it is said: "It is virtually and in effect a liability upon a contract, and the mutual agreement of the parties; not indeed in form an express personal contract, but an agreement of equally binding obligation, consequent upon and resulting from the acts and admissions or implied assent of the parties."

In two cases from Maryland which are cited:

"The stockholders' liability to creditors is held to be in the nature of a contract." The court say: "It is a debt under the statute, due from the stockholder to the creditor, springing out of and co-existent with the contract between the corporation and the creditor."

In California this precise question as to whether an action by a creditor to enforce the statutory liability of a stockholder is an action upon contract within the meaning of the attachment law has been decided in the affirmative; although it is also held there, as here, that such an action is upon a liability created by statute, within the meaning of the statute of limitations. I refer to the case of Kennedy v. Bank, 97 Cal. 93—a case which was decided in 1892. Under the constitution and statute of California each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock owned by him bears to the whole of the subscribed capital stock. Section 3, article XII, const., and section 322, Civil Code. By section 537, of the Code of Civil Procedure of California, the plaintiff may have an attachment in two cases.

"1. In an action upon a contract, express or implied, for the direct payment of money, when the contract is made or is payable in this state, and is not secured by mortgage or pledge of personal property.

"2. In an action upon a contract, express or implied, against a defendant not residing in this state."

By section 359 of the Code of Civil Procedure, actions against stockholders to enforce a liability created by law must be brought within three years.

In the case of Green v. Beckham, 59 Cal. 545, it was held that section 359 of the Code, providing for the limitation of actions against stockholders to enforce a liability created by law, applied to an action to enforce the statutory liability of stockholders to the creditors.

With this preliminary statement, I will now refer to the case in 97 Cal. It was there held that an action against a stockholder to recover his proportion of a debt of the corporation, is an action upon a contract within the meaning of section 537 of the Code, relating to attachments. Not only

this, but as the action was brought under the first clause of that section, that it is an action upon a contract for the direct payment of money. The court say:

"The legal effect of the condition prescribed by section 3, article 12, of the state constitution, and by section 322 of the Civil Code, regulating the individual liability of the stockholders, is that the corporation, when created, becomes the agent of the stockholders to make such contracts and incur such liabilites as are authorized by law; and that the contracts which it thus makes bind the stockholders to the extent named."

And Brown v. Hitchcock, 36 Ohio St. 678, already quoted, was cited with approval.

In referring to the case of Green v. Beckham, 59 Cal., in which it was held that the liability of the stockholders is a liability created by law within the meaning of the statute of limitations, the court say that there is no intimation in that case that an action to enforce such liability may not also be regarded as an action upon a contract, within the general meaning of that phrase, as used in other chapters of the Code of Civil Procedure.

It is true that under the Californa statute an action at law can be brought directly by the creditor against the stockholder to recover his proportion of the debt; but the liability is created by statute; and on the question as to whether the action to enforce the liabilities is an action upon contract within the meaning of the attachment law, the decision is in point, and the reasoning of the court is equally applicable to the case at bar.

In Ohio, the action by the creditor is an equitable action under the statute, but in an equitable action attachment may issue, if it is an action for the recovery of money, and the plaintiff can show by affidavit the nature of his claim, that it is just, the amount which he believes he ought to recover, and the existence of one of the grounds of attachment. Goble v. Howard, 12 Ohio St. 165. The action in California is none the more an action on contract, because it can be brought at law directly by the creditor against the stockholder. The manner of enforcing the liability cannot affect the character of the liability.

There are numerous cases in other states holding that the statutory liability of stockholders to creditors is, with reference to the remedy, to be regarded as a contract obligation. I will cite a few of these cases: Aultman's Appeal, 98 Pa. St. 505; Norris v. Wrenschall, 34 Md. 492; Lowry v. Inman, 46 N. Y. 125; Cochran v. Wiechers, 119 N. Y. 399; Flash v. Conn, 109 U. S. 371; Dennis v. Superior Court, 91 Cal. 548.

Upon this branch of the case, three cases were cited by counsel for the defendant. None of them, however, were actions to enforce the statutory liability of the stockholders of a corporation to its creditors, and none of them arose under attachment statutes. The first is the case of McConn v. Railway Co., 50 N. Y. 176. This was an action to recover a penalty under a statute to prevent extortion by railroad companies. It was held that it was not an action upon a contract within section 129 of the code, which prescribes the form of a summons in such an action. The case may be distinguished from the case at bar; but I will simply refer to the cases in the same state already cited, in which the character of the liability in question was the subject of consideration. In 46 N. Y. 125, it was held that the personal liability of stockholders for the debts of a corporation, in virtue of its charter, does not exist solely as a liability imposed by statute; it is not enforced simply as a statutory obligation, but it is regarded as voluntarily assumed by the act of becoming a stockholder. In 119 N. Y. 399, it was held that the liability for the debts of a corporation

imposed by statute upon its stockholders is in the nature of a contract obligation. The stockholder assumes it when he becomes such, and it is inherent in and becomes a part of every contract made by the corporation with its creditors. The next case cited was O'Brien v. Young 95 N. Y. 428, in which it was held that a judgment is not a contract or obligation within the meaning of the act of 1879, reducing the rate of interest to 6 per cent.; but the court, in the opinion, recognizes the rule that with reference to the remedy, judgments are contracts. And in the case of Gutta Percha Co. v. Mayor, 108 N. Y. 276, it was expressly held that an action upon a money judgment, whether recovered for a tort or upon a contract, is an action upon a contract within the meaning of the sections of the Code relating to attachments. The court say: "There is no authority that judgments are never to be treated as contracts, and all the authorities recognize the implied obligation of the judgment debtor to pay the judgment; and that for purposes of actions and remedies upon them they are to be treated as contracts." The other case cited was Milford v. Commonwealth, 144 Mass. 64, which involves solely a question of jurisdiction. It was there held that the jurisdiction given to the superior court by statute of all claims against the commonwealth which are founded upon contract for the payment of money, does not extend to the obligation imposed by statute upon the commonwealth to reimburse the expenses incurred by a town in the support of a state pauper. The Massachusetts decisions cited in the opinion show that actions under statutes to recover for money expended are usually regarded as actions of contract; but as the commonwealth cannot be sued in its own courts without clear statutory authority, the court was of the opinion that the remedy of the statute must be confined to actual contracts made by the commonwealth for the payment of money.

I am referred to no case which holds that an action to enforce the liability in question is not an action upon contract, and I am unable to discover any good reason for holding that the word "contract" as used in the statute is to be construed in its narrow or limited sense. It is urged by defendant that the word "contract" in the statute is not used in its broad and general sense, because "judgments and decrees," which are found in connection with "contracts," are also contracts in such broad and general sense; and that the enumeration of judgments and decrees is superfluous, unless the word "contract" is used in its narrow sense. If it was necessary to discover a reason for the enumeration of judgments and decrees, it could perhaps be found in the fact that there has heretofore been some difference of opinion among the authorities as to whether a judgment is a contract within the meaning of the attachment laws. Wade on Attachments, sec. 16. Although it may be now considered as the generally accepted rule that a judgment is such a contract, yet it was not so considered at the time of the adoption of the Code. Also, the use of the word "judgment" has removed from controversy the question whether or not a judgment rendered in an action for a tort is a contract, within the meaning of the attachment laws.

It is further contended that the remedy by attachment is not applicable to an action by a creditor to enforce the stockholder's liability; that the language of the law and the various steps to be taken are such that the law can apply only to a case where one person owes money directly to another, and he neglects and refuses to pay, and it is sought to enforce payment by the debtor directly to the creditor. As the action is for a money debt or demand arising upon contract, the right of the plaintiff to an attachment cannot be defeated, unless it is impossible to adopt and follow the requirements of the law in obtaining and enforcing the attachment.

I do not think that there is any insuperable difficulty in any of these respects. The plaintiff brings and maintains his action for the benefit of all the creditors. He at all times represents all the creditors—at least all who have come into the case. And defendant is liable to the extent fixed by law for all the debts and to the plaintiff as such representative; and when the exact amount of his liability is ascertained, a judgment may be rendered against him therefor in the name of the plaintiff, upon which execution may issue, although it is usual, for convenience, to appoint a receiver to collect the various judgments. The plaintiff's claim is no more indeterminate than it was in Goble v. Howard, 12 Ohio St. 165, where a partner was allowed an attachment in an action against his co-partner for a claim growing out of an unliquidated and unsettled partner-ship account. The court in the opinion used the following language, which seems to be applicable here:

"We think the case comes within the letter and spirit of the code, and that we are not called on, and would not be at liberty, to limit the operation of the code by reference to former practice, or even by the in-convenience which might be pointed out, as resulting from the application of one of its provisions to a particular case."

And the plaintiff's claim is no more indeterminate than it was in R. R. v. Peoples, 31 Ohio St. 537, where an attachment on the ground that the defendant was a foreign corporation was allowed in an action by a pas-senger for a personal injury received through the negligence of the rail-road company. In that case the sum sought to be recovered was wholly unliquidated, and the implied contract with the company to carry the passenger safely furnished no data for determining the amount of the re-covery. That was fixed by the extent of the injury, a matter entirely out-side of the contract.

The sole question to be determined under the first ground of the mo-tion is whether the plaintiff is entitled to an attachment. No questions are involved as to the manner in which this right is to be exercised under the statute. I think that the plaintiff is entitled to an attachment, and that the first ground of the motion is not well taken.

The second ground of the motion is that the affidavit for the attach-ment is defective in failing to show the "nature of the plaintiff's claim," as required by section 5522 Rev. Stat. The statement in the affidavit is:

"That this action is brought to enforce the liability of the stockholders of said corporation, under the constitution and laws of the state of Ohio, for the payment of the debts of said defendant corporation, and that the claim sued on against said defendant, Henry Worthington, is his liability as such stockholder for the debts of the said defendant corporation."

The contention of the defendant is that under section 3260, Rev. Stat., either a stockholder or a creditor of the corporation may bring the action, and that it does not appear in the affidavit that the plaintiff is either a creditor or a stockholder; and that for all that the affidavit shows he may be neither; and that while the petition shows that the plaintiff is a creditor, holding an unpaid note of the corporation for $7,500, the petition being verified on belief only, and not positively, can-not take the place of an affidavit nor cure a defect in the affidavit, under the authority of Endel v. Leibrock, 33 Ohio St. 254.

The statute requires that the affidavit shall show the nature of the plaintiff's claim. Under this clause, nothing need be shown as to the plaintiff's claim except the nature of it. The object of this requirement manifestly is that the affidavit shall show that the action is one in which an attachment may properly be issued. This requirement is satisfied if the affidavit shows that the action is one for the recovery of money; and,

where the ground of attachment is non-residence, that the plaintiff's claim is for a debt or demand arising upon contract. The plaintiff's claim against the corporation is not the plaintiff's claim, so far as the attachment is concerned. The plaintiff's claim against the defendant, Worthington, is alone to be considered on the quuestion of the sufficiency of the affidavit. And the plaintiff's claim against Worthington is not the same as the plaintiff's claim against the corporation. The latter is upon the note of the corporation which the plaintiff holds, and for which it asks a personal judgment against the corporation. The plaintiff's claim against Worthington is solely that the defendant is liable for and should pay his proper share of the debts of the corporation. It seems to me that in stating the defendant's liability, in effect, the nature of the plaintiff's claim is shown.

But it is insisted that the nature of the plaintiff's claim when he is a stockholder is different from the nature of his claim when he is a creditor, and that therefore the affidavit should show which he is, if he is either. The only action which, under the statute, the stockholder is authorized to bring is the same as that which the creditor is authorized to bring, namely, an action to enforce the statutory liability of stockholders to the creditors, and which action is for the benefit of all the creditors and against all the stockholders. It may seem strange that the legislature should authorize such an action by a stockholder, and it may be that in an action by a stockholder some difficulties would be encountered; but such is the plain reading of the statute. The stockholder is not authorized by the statute to bring an action to enforce contribution among the stockholders, although in his action as well as in the creditor's action, independent of the statute, the rule of contribution would be enforced. The stockholder's claim as plaintiff in the action under the statute is the same as that of a creditor plaintiff. Under the clause of the statute in question, the affidavit must show the nature of the plaintiff's claim; not that the plaintiff has a right to bring the action, nor that his claim is well founded. If the plaintiff has no cause of action, the petition would be dismissed upon demurrer, and the attachment would go with it. What, then, is the plaintiff's claim? It is that the defendant is liable for his proper share of the debts of the corporation, and liable necessarily to the plaintiff, because it is averred that the claim sued on is such liability, and also that the plaintiff ought to recover from the defendant a certain sum of money. It thus appears, as it seems to me, that the action is for money, and that the claim is upon a contract liability, and therefore that an attachment may properly be issued. The second ground of the motion is not well taken, and the motion is therefore overruled.

Another motion has been submitted to the court in this case, and that is a motion by the defendant, H. S. Worthington, to strike the petition from the files, upon the ground that it is not properly verified. This defendant has not answered nor otherwise appeared in the case. The verification to the petition is as follows:

"G. W. Kinney, being first duly sworn, deposes and says that the plaintiff herein is a corporation, and that he is one of its duly authorized attorneys herein, and that the statements and allegations in the foregoing petition cóntained are true, as he verily believes."

By section 5102, Rev. Stat., or so much of it as it is necessary to read, "Every pleading and motion must be subscribed by the party or his attorney, and every pleading of fact must be verified by the affidavit of the party, his agent or attorney; when a corporation is the party, the verification may be made by an officer thereof, its agent or attorney." By section 5109, "The affidavit verifying a pleading can be made by the

agent or attorney only: 1. When the facts are within the personal knowledge of the agent or attorney. 2. When the plaintiff is an infant, or of unsound mind, or imprisoned. 3. When the pleading to be verified is founded upon a written instrument for the payment of money, and such instrument is in the possession of the agent or attorney. 4. When the party is not a resident of, or is absent from, the county."

The contention is that while by section 5102 the pleading of a corporation may be verified by its agent or attorney, yet, under section 5109, it can be verified by the agent or attorney only in one of the four cases there specified; in other words, the claim is that section 5109 operates as a limitation upon section 5102.

So far as I am aware, it has never been doubted until quite recently that the verification to the pleading of a corporation may be made by its agent or attorney simply as such, without any restriction; and the forms and precedents furnished by text writers, and the practice of the profession, as I have reason to believe, have been in accordance with that understanding. Such an uniform practice ought not to be held improper, except for the most cogent reasons.

In the first place, it may be observed that there is nothing in the statute as it now stands that requires the affidavit, when made by an agent or attorney, to set forth the fact which gives the agent or attorney the right to make it. Section 113 of the original code, and of which section 5109, Rev. Stat., is a re-enactment, required that the affidavit should set forth the reason why it is not made by the party. That requirement was omitted in the revision of 1880, and that omission may have some significance. The only provision as to the contents of the affidavit is found in section 5105, which reads as follows:

"The affidavit shall be sufficient if it is stated therein that the affiant believes the facts stated in the pleading to be true."

But however that may be, a sufficient and satisfactory reason for upholding the practice is found in the history of these two sections—5102 and 5109. In the code, as originally adopted in 1853, section 106 provided that every pleading of fact must be verified by the affidavit of the party, his agent or attorney. Section 113 prescribed the four cases in which the affidavit may be made by an agent or attorney, and was the same as section 5109, Rev. Stat., with the addition of the requirement already referred to, that the affidavit must set forth the reason why it is not made by the party. There was in the code as originally adopted, no special provision as to the verification of a pleading by a corporation. As the code then stood, it might well have been held that the agent or attorney in verifying the pleading of a corporation must comply with section 113. And if section 113 was to continue to apply to a corporation, as is now contended, there was no necessity for any special provision as to corporations. But upon the 11th day of March, 1854, less than a year after the code took effect, section 106 was amended by adding the words "When a corporation is a party, the verification may be made by an officer thereof, its agent or attorney." And both sections remained in that condition until the revision of 1880. There can be no question that from 1854 to 1880 it was not necessary for the agent of a corporation, in verifying the pleading, to comply with section 113. The latest expression of the legislative will must govern. The amendment was wholly unnecessary, if section 113 still applied to corporations. The addition of the word "officer" to the words "agent or attorney" has no significance, because an officer of a corporation is its agent, and if an agent is required to comply with section 113, an officer is. By the revision of 1880, section 106 as amended, and section 113, excepting the words already referred to, were re-enacted as

sections 5102 and 5109, Revised Statutes. Upon well settled rules of construction, the two sections, as incorporated into the Revised Statutes, must receive the same interpretation as they received before the revision took place, or would have received, had their interpretation been called for. Allen v. Russell, 39 Ohio St. 337; State v. Commissioners, 36 Ohio St. 330.

It may be observed, in conclusion, that if the construction of section 5109, which is contended for, is the correct one, then it applies, as already stated, to an officer of the incorporation as well as to any agent; and therefore cases may arise in which the verification cannot be made. A construction which leads to such a result ought not to be sustained, unless it is unavoidable. As a corporation can only act through its agent, and nobody other than an agent can make a verification, and as an individual party may verify his pleading without restriction, there seems to be no good reason why the agent of a corporation should not be permitted to do the same. The reason for restricting the right of an agent of an individual does not apply to the agent of a corporation.

For these reasons I think that the verification of the petition is in proper form, and the motion is therefore overruled.·

Kinney & Newton, A. L. Smith, Geo. H. Beckwith and J. H. Doyle, for plaintiff; King & Tracy and Judson Harmon, of Cincinnati, contra.