Glennon, J.
The issue in this appeal is whether the election of directors of Sylor Realty Co., Inc., was held pursuant to a valid notice to the stockholders.
The material facts disclosed by the record may be summarized as follows: Ben Schneider died on July 14, 1946. At the time of his death he was an officer and director of Sylor Realty Co., Inc., and owned 80% of its authorized and issued capital stock. The remaining 20% ivas and still is owned by the petitioner, who at that time was also an officer and director. The third member of the company’s board of directors and its vice-president was one Isaac Weiner.
On November 6,1946, the executors of the will of Ben Schneider requested that the stock owned by the testator be registered in their names as such executors. Petitioner as secretary of the company refused to issue a new certificate in their names unless a loan made to the decedent during his lifetime was first repaid to the company.
The corporation’s by-laws required that the annual stockholders’ meeting be held on September 16, 1946, at which time directors were to be elected. No meeting, however, was called by the surviving officers or directors either for that date or any date thereafter. In such circumstances the executors on December 10, 1946, served the following notice upon the petitioner, personally and by mail:
“ To the Stockholders oe Sylor Realty Co., Inc.:
“ Take Notice that a special meeting of the stockholders of Sylor Realty Co., Inc., will be held at No. 216 West 18th Street, Borough of Manhattan, City of New York, on the 24th day of December, 1946, at 11 o’clock in the forenoon, for the purpose of electing directors.
Dated: New York, December 10th, 1946.
Yours, etc.,
Joseph S. Gershman and Max H. Brown, as Executors of the Last Will & Testament of Ben Schneider, also known as Benjamin Schneider, Stockholders.”
The notice was also published in each of two successive weeks immediately preceding the election, in the New York Times, a newspaper published in the county where the election was to be held. At the meeting held pursuant to such notice a. board of directors was elected who in turn elected officers of the pomp any.
Petitioner maintains that the executors were not stockholders of record and therefore without power to call the meeting, and *221 if it be held that they were stockholders then the elections were a nullity since they were not held pursuant to proper notice.
While the executors were not stockholders of record, in the sense that the stock was not registered in their names, they nevertheless were stockholders of the corporation. Upon the death of Ben Schneider, title to and the rights in the stock which he owned passed to his personal representatives by operation of law. At the time of their appointment his executors became the owners of the stock and were vested with all rights flowing from such ownership formerly enjoyed by the testator regardless of the fact that the stock remained registered in the name of the decedent. (Matter of Starbuck, 251 N. Y. 439; Bailey v. Hollister, 26 N. Y. 112; Benkard v. Leonard, 231 App. Div. 625.)
The petitioner claims that the notice of the meeting was ineffectual because there had been no compliance with the by-laws of the company or the provisions of sections 45 and 55 of the Stock Corporation Law. In substance the portions of the by-laws relied upon provide that the president, and in his absence the vice-president, shall cause all regular and special meetings of the stockholders and directors to be called; that the secretary shall serve all notices; that two thirds of the outstanding stock shall constitute a quorum; that special meetings of stockholders may be called by a majority of the directors; and that the board of directors shall call a meeting of stockholders whenever requested to do so in writing by stockholders representing not less than 50% of the capital stock of the company.
Section 55 of the Stock Corporation Law provides that the directors of every stock corporation are to be chosen at the time and place fixed by the by-laws, and that the time and place of holding any election of directors shall be given as prescribed in section 45. The latter section so far as material provides that the notice of stockholders’ meetings must be in writing and signed by one of the officers enumerated in the law.
Neither the by-laws nor the provisions of the Stock Corporation Law are applicable to the situation here presented since they contemplate and have reference to only those meetings which are called by the officers or directors in the proper performance of their duties. Those laws were not intended to permit directors to continue themselves in office by failing to call a meeting for the election of directors or refusing to sign a notice of such meeting. Where officers of a corporation fail to perform a duty imposed upon them by statute and the by-laws by neglecting to call a meeting for the election of directors, stockholders are not relegated to a proceeding to compel performance. A quicker *222 and more effective remedy is afforded by the provisions of section 22 of the General Corporation Law which provides as follows:
** § 22. Mode of calling special election of directors. If the election has not been held on the day designated, the directors shall call a meeting forthwith for the election of directors, giving notice thereof as provided in respect of the annual meeting.
“ If such meeting shall not be so called within one month, or, if there be a failure to elect directors, * * * a member may call a meeting for the election of directors by publishing a notice of the time and place of holding such meeting at least once in each of two successive weeks immediately preceding the election, in a newspaper published in the county where the election is to be held or in such other manner as may be prescribed in the by-laws for the publication of notice of the annual meeting, and by delivering or mailing to each member, at his last known post-office address, a copy of such notice at least two weeks before the meeting.”
The surviving officers and directors having failed to call a meeting by December 10,1946, the executors as stockholders had the power to call the meeting of December 24, 1946, at which directors were elected. They were not required to make a prior demand upon the corporation that a meeting be called nor was it necessary that the notice be signed by an officer.
Since the provisions of section 22 of the General Corporation Law were fully complied with, it follows that the order appealed from should be reversed, with $20 costs and disbursements to the appellants and the application denied.
Martih, P. J., Dobe, Cohn and Peck, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants and the application denied.