## Commonwealth *v.* Cover, Appellant.

*Taxation—Mercantile tax—Manufacturers—Tanners—Exemption.*

Where a tanner concedes that he manufactures leather in Virginia, and sells it in a store in Pennsylvania, the commonwealth has a prima facie right to the mercantile tax upon the whole volume of the business, and the burden of showing that any portion of the sales is exempt, rests upon the tanner. The fact that the leather is cut in the store into various sizes and pieces, but not manufactured into any complete article, does not exempt from taxation the leather thus treated, on the ground that it was manufactured into articles for sale.

Argued May 1, 1906. Appeal, No. 7, Jan. T., 1906, by defendants, from judgment of Superior Ct., Oct. T., 1905, No. 143, reversing judgment of C. P. No. 3, Phila. Co., March T., 1905, No. 3,703, on verdict for plaintiff in case of Commonwealth v. Thomas Cover, Loring A. Cover and Henry E. Drayton, trading as Cover & Drayton. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from Superior Court.

For the facts see opinion of Supreme Court and 29 Pa. Superior Ct. 409.

*Error assigned* was the judgment of the Superior Court.

*William Drayton*, for appellants.

*Ira J. Williams* and *Hampton L. Carson*, Attorney General, with them *Franklin L. Lyle*, for appellee.

PER CURIAM, May 24, 1906 :

The appellants manufacture leather in the states of Virginia and West Virginia, which is shipped to their place of business in the city of Philadelphia for sale to their customers. They do not question their liability as wholesale dealers to pay a mercantile tax on the uncut sides which they sell, but, as to those which they cut up at their business to satisfy the requirements of their customers, they claim to be manufacturers.

What the appellants sell at their place of business here is leather. The sides, when uncut, are admitted to be leather, manufactured at distant tanneries and shipped here to be sold by the appellants as leather. By no process of reasoning can the mere cutting up of the sides into pieces, to suit the requirements of the customers of the dealers, transform them into anything else than what they were before. The customers of the appellants want leather, and whether they get cut or uncut sides, they get nothing but leather, unmanufactured into anything else from the time it left the tannery. The dealers in it cut it up into convenient pieces to facilitate its sale to their customers, who buy it, not as something having been manufac-

tured from leather, but for the purpose of having something manufactured from it as leather. Nothing need be added to the view of the majority of the Superior Court, as expressed by Judge MORRISON, in which we all concur.

Judgment affirmed.