STRAHMANN v. YORKVILLE BANK.

(Supreme Court, Appellate Division, First Department.    December 1, 1911.)

1. BANKS AND BANKING (§ 42*)—TRANSFER OF SHARES.

Stock Corporation Law (Consol. Laws 1909, c. 59) § 51, provides that, if a stockholder be indebted to the corporation, the directors may refuse to consent to the transfer of his stock until such indebtedness is paid, provided a copy of the section is printed upon the stock certificate.  Banking Laws (Consol. Laws 1909, c. 2) § 27, subd. 8, provides that no banking corporation shall make a loan on the security of its capital stock, unless necessary to prevent loss upon a debt previously contracted.    General Corporation Law (Consol. Laws 1909, c. 23) § 321, provides that, if in any corporate law there be any provision in conflict with any provision of the chapter or of the stock corporation law, the provisions so conflicting shall prevail.  *Held*, that Banking Law, § 27, subd. 8, related to security held as a lien enforceable by the bank upon default, and not to the discount by a bank of paper for a stockholder where his stock was not taken as security, so that there was no conflict between that subdivision and Stock Corporation Law, § 51, which did not purport to give the bank a lien on the stock to secure indebtedness to it by the stockholder, so that a bank could claim the benefit of that section.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 42.*]

2. CORPORATIONS (§ 163*)—TRANSFER OF STOCK—CONDITIONS PRECEDENT—DISCHARGE OF INDEBTEDNESS TO CORPORATION.

Stock Corporation Law (Consol. Laws 1909, c. 59) § 51, provides that, if a stockholder be indebted to the corporation, the directors may refuse to consent to the transfer of his stock until such indebtedness is paid, provided "a copy of this section" is printed upon the stock certificate.  A bank stock certificate had printed on its face a provision that it was only transferable on the corporate books on the surrender of the certificate upon the condition that, if the registered holder of the certificate became indebted to the company, the directors might refuse to consent to a transfer until such indebtedness was satisfied, and that the stock should not be transferable so long as the stockholder be so indebted.  *Held*, that such printed provision was a substantial compliance with section 26.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 597, 609–614; Dec. Dig. § 163.*]

Ingraham, P. J., dissenting in part.

Submission of controversy, under Code Civ. Proc. § 1279, between Henry C. Strahmann and the Yorkville Bank.  Judgment for defendant bank.

Argued    before    INGRAHAM,    P.    J.,    and    McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Victor E. Whitlock, for plaintiff.

Louis Marshall, for defendant.

LAUGHLIN, J.  [1] The defendant is a domestic banking corporation, and on the 15th day of December, 1896, it duly issued to one Charles C. Clausen a certificate for 10 shares of its capital stock, and on the 18th day of May, 1910, said Clausen pledged the same with the Hudson Trust Company as collateral security for the payment of a note discounted by said trust company for him on the security thereof by signing a blank power of attorney for the sale, assignment, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

transfer of said stock, indorsed on the back of said certificate, and delivering the same to said trust company. The maker of the note defaulted in payment, and therefore, and on the 25th day of November, 1910, the trust company duly sold, assigned, and transferred the stock to the plaintiff, who the submission shows became the lawful holder and owner thereof. After thus acquiring the stock, the plaintiff ·demanded of the defendant that it transfer the same upon its books to his name and issue a new certificate to him therefor, which demand was refused, upon the ground that there was then due and owing to the defendant from said Clausen the sum of $8,033.36, with interest thereon from the 19th day of September, 1910, on account of an indebtedness for moneys loaned and advanced to said Clausen by the defendant on discounting his paper while he was the owner of said stock. Clausen, from the time said stock was issued, has been the registered holder thereof on the books of the defendant, and he was elected one of its directors on the 9th day of December, 1896, and continued to be a director until the 6th day of October, 1910.

Section 1 of article 10 of the by-laws of the defendant, adopted at about the time of its organization and prior to the issuance of said certificate of stock to Clausen, provided as follows:

"The shares of the bank shall be transferable only on its books, and subject to such regulations as are contained in these by-laws as to the closing of the books for the purpose of the annual election or other meetings of stockholders. The transfer, when made, shall be in person or by attorney upon surrender and cancellation of the outstanding certificates for the shares so transferred, and upon proof satisfactory to the bank, that the person presenting such certificate for transfer is legally entitled to transfer the same, and that he has entered into no agreement restricting such right of transfer. The bank shall be under no duty to accept any such surrender, or make such transfer, until all claims, obligations and demands of every kind existing and contingent in its favor against the registered holder of such shares, or with respect to the right of the person demanding such transfer to deal with such shares, shall have been first discharged to its satisfaction, and every stock certificate of this bank shall have printed or written on it as a condition of its issue, that if the registered holder thereof shall be or become indebted to the bank, the directors may refuse to consent to a transfer of the stock appearing in his name, until such indebtedness is satisfied, and that so long as he be so indebted the stock represented by the certificate shall not be transferable."

This section of the by-laws remained in force until the 1st day of March, 1909, when it was duly amended by omitting that part of· the last sentence which required that every certificate should have printed or written thereon, as a condition of its issue, that, if the registered holder thereof should be or become indebted to the bank, the directors might refuse to consent to a transfer of the stock until such indebtedness was satisfied, and that the stock should not be transferable while such indebtedness existed. The submission shows that no other change relating to this question was made in the by-laws, and that they contained no other provision bearing thereon. It does not appear what the purpose of the corporation was in thus amending the by-laws, but it is not claimed by the plaintiff that his rights were affected by said amendment and the case has been argued as if no change had been made in the by-laws. In accordance with the requirements of the

original by-law, the certificate of stock issued to Clausen on its face contained a provision to the effect that it was only transferable on the books of the company on the surrender of the certificate, "upon the condition, however, that, if the registered holder of this certificate shall be or become indebted to the company, the directors may refuse to consent to a transfer of the stock appearing in his name, until such indebtedness is satisfied, and, so long as he be so indebted, the stock represented by this certificate shall not be transferable." The certificate contained this provision at the time it was acquired by the plaintiff, although prior to the time the stock was pledged to the Hudson Trust Company by Clausen the requirement that this be printed on the certificate had been repealed; but since the purpose of such repeal has not been discussed in the points, and no claim is based thereon, we do not deem it necessary to consider it.

It is conceded by the learned counsel for the defendant that, in the absence of a statute authorizing such restriction, it was not competent for the bank to restrict the transfer of its stock by a stockholder, who was indebted to it; and it has been so adjudicated by controlling precedents. Bank of Attica v. M. & T. Bank, 20 N. Y. 501; Driscoll v. West Bradley & Cary Mfg. Co., 59 N. Y. 96; Buffalo German Insurance Co. v. Third National Bank, 162 N. Y. 163, 56 N. E. 521, 48 L. R. A. 107, affirmed 193 U. S. 581, 24 Sup. Ct. 524, 48 L. Ed. 801. At the time the original by-law was enacted, and when this certificate of stock was issued, it was provided in section 26 of the stock corporation law (chapter 564 of the Laws of 1890), now section 51 of the stock corporation law (chapter 59 of the Consolidated Laws), as follows:

"If a stockholder shall be indebted to the corporation, the directors may refuse to consent to a transfer of his stock until such indebtedness is paid, provided a copy of this section is written or printed upon the certificate of stock."

It is contended on the part of the defendant that this provision of the stock corporation law was applicable to banking corporations, and that, although a copy of the section was not written or printed upon the certificate, the substance thereof was printed on the face of the certificate pursuant to the requirement of the by-law, and that this was a substantial compliance with the statute. The learned counsel for the plaintiff contends that this statutory provision was not applicable to a banking corporation, and that, if it were, it was not complied with. The theory upon which it is claimed that it is not applicable is that subdivision 5 of section 25 of the banking law (chapter 689 of the Laws of 1892, as added by chapter 452 of the Laws of 1896), now with some changes in phraseology, subdivision 8 of section 27 of the banking law (chapter 2 of the Consolidated Laws) was in conflict therewith, and that by virtue of the provisions of section 33 of the general corporation law (chapter 563 of the Laws of 1890, as added by chapter 687 of the Laws of 1892), now section 321 of the general corporation law (chapter 23 of the Consolidated Laws), said subdivision 5 of section 25 of the banking law must prevail. Said section 33 of the general corporation law provided as follows:

"If in any corporate law there is or shall be any provision in conflict with any provisions of this chapter or of the stock corporation law, the provisions so conflicting shall prevail, and the provisions of this chapter or of the stock corporation law with which it conflicts shall not apply in such a case. If in any such law there is or shall be a provision relating to a matter embraced in this chapter or in the stock corporation law, but not in conflict with it, such provision in such other law shall be deemed to be in addition to the provision in this chapter or in the stock corporation law relating to the same subject matter, and both provisions shall, in such case, be applicable."

Said subdivision 5 of section 25 of the banking law, so far as material, provided as follows:

"No such corporation shall make any loan or discount on the security of the shares of its own capital stock nor be the purchaser or holder of any such shares unless such security or purchase shall be necessary to prevent loss upon debt previously contracted in good faith; and stock purchased or acquired shall, within six months from the time of its purchase, be sold or disposed of at public or private sale."

We are of opinion that the discount of Clausen's paper by the bank upon which it made the loan to him which was unpaid, as already stated, did not constitute a loan or discount on the security of the shares of its capital stock then owned by him within the intent and meaning of the provisions of said subdivision 5 of section 25 of the banking law, herein quoted. It does not appear whether or not the discount and loan were made on collateral security nor does it appear that the transaction contained any reference to his ownership of capital stock in the defendant. Clausen's stock was never redelivered to defendant, since it was issued to him, and it does not appear that there was any agreement to redeliver it. The statute, we think, plainly relates to security taken and held, upon which the bank obtains a lien, which it may enforce in the event of a default in the payment of the indebtedness. If there were a conflict between the provisions of the banking law and the stock corporation law, it is quite clear that the provisions of the former would prevail; but, in the absence of such conflict, the provisions of the stock corporation law are applicable. The provision of the stock corporation law in question does not give, or purport to give, to the corporation issuing the stock a lien on the shares of the capital stock owned by a stockholder who is indebted to it, but merely provides that the directors may refuse to consent to a transfer of his stock until the indebtedness is paid. It is a provision for the coercion of the payment of an indebtedness by a stockholder to the corporation as a condition of his being able to effect a sale of the stock which will be recognized by the corporation and transferred on its books. It was therefore competent for the defendant to claim the benefit of said section 26, now section 51, of the stock corporation law. The remaining question to be decided is whether it has effectively done so.

[2] The question as to whether the provisions printed on the face of this certificate if authorized by defendant at the time would constitute a substantial compliance with the requirements of said section 26 of the stock corporation law is not free from doubt; but we are of opinion that the purpose of the statute was to give notice to the

purchaser of stock that the directors might refuse to consent to a transfer thereof until the indebtedness owing by the stockholder to the corporation was paid, and in that view the provisions printed on the face of this certificate gave the purchaser such notice quite as effectively as if a copy of the statute had been written or printed upon the certificate instead.

It follows, therefore, that the defendant should have judgment to the effect that it is not obliged to transfer the stock upon its books until the indebtedness of Clausen to it is paid.

McLAUGHLIN, CLARKE, and MILLER, JJ., concur.

INGRAHAM, P. J. I concur with Mr. Justice LAUGHLIN, except in so far as he holds that by printing on the certificate of stock pursuant to a requirement of a by-law of the defendant bank was a compliance with section 26 of the stock corporation law, now re-enacted as section 51 of the stock corporation law, chapter 59 of the Consolidated Laws. That section authorizes the directors of a banking corporation to refuse to transfer a stockholder's stock until any indebtedness of the stockholder to the corporation is paid, "provided a copy of this section is written or printed upon the certificate of stock." I think the object of the provision is to require a copy of the section itself in reference to the law of which it was a part to be printed upon the certificate of stock and a mere statement on the face of the certificate that the bank assumed power to refuse to transfer the stock until the indebtedness was paid was not a compliance with this provision of the statute.

I therefore dissent.