In the Matter of the Petition of LONG ISLAND LIGHTING COMPANY, Appellant, to Acquire an Easement, Right of Way, for the Public Use, on, in, over, through and across Land Located at Elwood, Town of Huntington, County of Suffolk, Owned by JOSEPH KOWALSKI and Another, Respondents, and ANTHONY ABRAMOSKI and Another, Defendants.— Order confirming report of commissioners reversed upon the law and the facts, with ten dollars costs and disbursements, and a new hearing directed before commissioners to be appointed by the Special Term upon due application, unless within ten days from the entry of the order herein and service of a copy thereof upon respondents' attorney, respondents stipulate to accept the sum of $2,000 in full payment for the easement taken and all damages. In the event of the filing of such stipulation the order is modified accordingly, and as so modified affirmed, without costs. In our opinion the commissioners adopted an erroneous rule in arriving at their award, in allowing a separate item of depreciation in the so-called five-acre tract lying to the east of the towers, and in allowing a separate item of depreciation in the remaining acres of the tract. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

In the Matter of the Application of N. & H. BUILDING Co., INC., Appellant, against WILLIAM E. WALSH and Others, Constituting the BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Respondents.— Final order confirming the determination of the board of standards and appeals unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Seeger, JJ.

In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of EMMA S. STARBUCK, as Executrix, etc., of CHARLES A. STARBUCK, Deceased. EMPIRE TRUST COMPANY, Appellant; EMMA S. STARBUCK, as Executrix, etc., and Others, Respondents.— Decree of the Surrogate's Court of Westchester county unanimously affirmed, without costs. Section 66 of the Stock Corporation Law does not create a lien in favor of the corporation. (Strahmann v. Yorkville Bank, 148 App. Div. 8; affd., 210 N. Y. 536.) The transfer mentioned in the statute is a transfer in fact, and not one created by operation of law, as in case of death. Upon the death of the stockholder, his personal representative becomes the owner of the stock and entitled to dividends, and to have such ownership noted on the books of the corporation. In a case such as this, the indebtedness is paid when the personal representative of the deceased turns over to the corporation its pro rata share of the net assets of the estate and a transferee of the personal representative would be entitled to have such transfer recorded in the corporation's books. Since the trust company has expressed a willingness to take the stock, its value may be applied to payment of its share of decedent's estate. The result reached is the same as that reached by the learned surrogate. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ. [129 Misc. 460.]