In the Matter of the Accounting of EMMA S. STARBUCK as Executrix of CHARLES A. STARBUCK, Deceased.

EMPIRE TRUST COMPANY, Appellant; ZULO A. VON OSTROFF, as Administratrix with the Will Annexed of CHARLES A. STARBUCK, et al., Respondents.

(Argued June 13, 1929; decided July 11, 1929.)

*Henry L. Wheeler, Jr.,* and *Stuart McNamara* for appellant. Section 66 of the Stock Corporation Law permits a corporation which has complied with its provisions to refuse to transfer shares, standing in the name of a stockholder who is indebted to the corporation, at the demand of a purchaser for value or upon an attempted sale upon execution. (*Strahmann* v. *Yorkville Bank,* 148 App. Div. 8; 210 N. Y. 536; *Hathaway* v. *Howell,* 54 N. Y. 97; *Zartman* v. *First National Bank,* 189 N. Y. 533; 216 U. S. 134; *Matter of Marks,* 218 Fed. Rep. 453.) The statutes permit a corporation which has complied with section 66 of the Stock Corporation Law to withhold dividends becoming due upon the stock registered in the

name of a debtor-stockholder as against a purchaser for value or execution creditor. (*Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467; *Hagar* v. *Union National Bank*, 63 Me. 509; *Sargent* v. *Franklin Insurance Co.*, 8 Pick. 90; *Gemmell & Sinclair* v. *Davis & Co.*, 75 Md. 546; *Brent* v. *Bank of Washington*, 2 Cranch C. C. 517.) The executor of an insolvent takes the property of his decedent subject to all the rights which could have been asserted against an execution creditor of, and a purchaser for value with notice from, the decedent. (*Muller* v. *Kling*, 209 N. Y. 243; *Goodwin* v. *Wertheimer*, 99 N. Y. 149; *Choteau* v. *Jones*, 11 Ill. 319; *London, Paris & American Bank, Ltd.*, v. *Aronstein*, 117 Fed. Rep. 601; *Kenton Insurance Co.* v. *Bowman*, 84 Ky. 430; *Farmers Bank of Maryland Case*, 2 Bland, 394; *Brent* v. *Bank of Washington*, 35 U. S. 596.) A banking corporation which has complied with all of the provisions of section 66 of the Stock Corporation Law acquires a lien upon the shares of a stockholder indebted to it. (*Strahmann* v. *Yorkville Bank*, 148 App. Div. 8; *Battey* v. *Eureka Bank*, 62 Kan. 384; *Reese & Fisher* v. *Bank of Commerce*, 14 Md. 271; *Union Bank of Georgetown* v. *Laird*, 2 Wheat. 390; *Citizens' Bank* v. *Kalamazoo Co. Bank*, 111 Mich. 313; *Kenton Ins. Co.* v. *Bowman*, 84 Ky. 430; *Bates* v. *New York Ins. Co.*, 3 Johns. Cas. 238; *Driscoll* v. *West Bradley Co.*, 59 N. Y. 96; *Bullard* v. *Bank*, 85 U. S. 589; *Bank* v. *Lanier*, 78 U. S. 369; *National Bank* v. *Watsontown Bank*, 105 U. S. 217.)

*Arthur W. Graff* for Zulo A. Von Ostroff, as administratrix, respondent. Section 66 of the Stock Corporation Law does not give a creditor corporation a lien upon the stock of a debtor stockholder. (Cook on Corporations [8th ed.], 1815; *Bank of Attica* v. *Manufacturers Bank*, 20 N. Y. 501; *Driscoll* v. *West Bradley, etc.*, 59 N. Y. 96; *Union Bank* v. *U. S. Exchange Bank*, 143 App. Div. 128; *Newell* v. *People*, 7 N. Y. 9; *McCluski* v. *Cromwell*, 11 N. Y. 593; *Brown* v. *Woodruff*, 32 N. Y. 355; *Bertles*

v. *Numan*, 92 N. Y. 152; *Jones* v. *Albany*, 151 N. Y. 223; *O'Brien* v. *East River Bridge Co.*, 161 N. Y. 539; *Tompkins* v. *Hunter*, 149 N. Y. 117; *Furey* v. *Gravesend*, 104 N. Y. 405; *Strahmann* v. *Yorkville Bank*, 148 App. Div. 8; 210 N. Y. 536.)

*Melber B. Chambers* for Bank of Manhattan Company respondent. Section 66 of the Stock Corporation Law does not give appellant a lien or any other interest in the shares of stock. (*Driscoll* v. *West Bradley Co.*, 59 N. Y. 96; *Bank of Attica* v. *Manufacturers' Bank*, 20 N. Y. 501; *Mohawk Nat. Bank* v. *Schenectady Bank*, 78 Hun, 90; *Bank* v. *Lanier*, 11 Wall. 369; *Anderson* v. *Cook County State Bank*, 154 Minn. 231; *Planters' Bank* v. *Eskind & Sons*, 134 Miss. 696; *Bank of Pontotoc* v. *Robinson*, 136 Miss. 409; *Corydon Deposit Bank* v. *McClure*, 141 Ky. 481; *Bullard* v. *Bank*, 18 Wall. 589; *Bank of Millvale* v. *Ohio Valley Bank*, 234 Penn. St. 1; *Presbyterian Congregation* v. *Carlisle Bank*, 5 Penn. St. 345; *Boyd* v. *Redd*, 120 N. C. 335; *Matter of Polson Iron Works*, 3 Ont. W. N. 1269.) The executrix, not appellant, is entitled to the dividends declared on the shares of stock. (*London, Paris & American Bank, Ltd.*, v. *Aronstein*, 117 Fed. Rep. 601; *Brent* v. *Bank of Washington*, 2 Cranch C. C. 517; 2 Cook on Corporations [8th ed.], § 526.) The direction by the court below that the executrix deliver the shares of stock to appellant as part of its dividend was proper. (*Pabst* v. *Goodrich*, 133 Wis. 43; *Crandall* v. *Lincoln*, 52 Conn. 73; Cook on Corporations [7th ed.], 901, note 2; *Green* v. *Bissell*, 79 Conn. 547; *Matter of Watson*, 215 N. Y. 209; *Matter of Aldrich*, 194 App. Div. 815; *Matter of Coombs*, 185 App. Div. 312; *Matter of Haigh*, 125 Misc. Rep. 365; *Matter of Baire*, 122 Misc. Rep. 519; *Matter of Walsh*, 126 Misc. Rep. 479.)

LEHMAN, J. The testator, Charles A. Starbuck, at the time of his death, owed the Empire Trust Company a large sum of money. Until the indebtedness is paid,

the trust company refuses to consent to a transfer of twenty-six shares of capital stock of the trust company which the decedent owned at the time of his death, and it has retained and applied upon the indebtedness dividends declared upon the stock. The estate is insolvent. From the assets of the estate the unsecured creditors are entitled to a *pro rata* payment or dividend upon the sums due to them. The courts below have held that the executrix may deliver to the Empire Trust Company the twenty-six shares of its capital stock, now held by the estate, and that the market value of the said stock, at the date of delivery, and the dividends upon the stock, retained by the trust company, shall constitute " a partial payment on account " of the *pro rata* payment or dividend due from the executrix to the trust company.

Section 66 of the Stock Corporation Law (Cons. Laws, ch. 59), provides: " Transfer of stock by stockholder indebted to corporation. If a stockholder shall be indebted to the corporation, the directors may refuse to consent to a transfer of his stock until such indebtedness is paid, provided a copy of this section or the substance thereof is written or printed upon the certificate of stock." A copy of this section was printed upon the certificate in question. The statute applies to corporations organized under the Banking Law (Cons. Laws, ch. 2) as well as to other corporations. (*Strahmann* v. *Yorkville Bank,* 148 App. Div. 8.)

Upon Starbuck's death, title to his stock was transferred by operation of law to his personal representative. A construction of the statute would be unreasonable which would authorize the directors of a corporation to " refuse to consent " to a transfer which has been effected by operation of law regardless of the will of the debtor stockholder. The directors may not assert the continuance of an ownership which death has made impossible. Upon request, the corporation is bound to register upon its books the transfer of the certificate of stock to

the executrix in her representative capacity. (See *London, Paris & American Bank, Ltd.*, v. *Aronstein*, 117 Fed. Rep. 601.)

The question remains whether the corporation may refuse to consent to a transfer by the executrix. The statute gives the corporation the right to withhold registry of the transfer of the stock until the indebtedness is paid. It is unimportant whether we classify that right as a lien or give it another name. It bears at least some analogy to a lien, though the stockholder maintains possession of the stock and continues to enjoy all the rights of an owner, save only the right to make a complete transfer. We find in the statute no express or implied provision that by appropriate proceedings the corporation may divest the stockholder of his title or right to possession, but there are many holding liens which do not carry with them any right of foreclosure and sale. (See *Tete* v. *Farmer's Bank*, 4 Brewster [Pa.], 308.) The statute gives to the creditor corporation, at least, some hold upon the stock. As in the case of the holding lien of an attorney or of an artisan, the advantage that may accrue to the debtor from a release of the hold may result in payment of the debt. The right of the corporation to maintain its hold was created by the Legislature for that purpose. The order of the Surrogate that the corporation must accept its own stock as a payment on account of the dividend or *pro rata* payment due on the decedent's indebtedness to it is based upon the view that in some way the corporation is acting inequitably in refusing to loosen its hold, and may be compelled to do so. The corporation is undoubtedly entitled to share with other creditors similarly situated in the distribution of the assets of the decedent. If the statute gives it, in addition, the right to maintain its hold upon the stock, after the title has become vested in his executrix, the courts may not destroy that right.

The executrix has title only in her representative

capacity. In a sense she continues the testator's personality. The indebtedness of the testator survives at his death. At the moment when by operation of law the executrix obtains title to the assets of the decedent she becomes, as executrix, liable for his debts. Title to the stock is, at all times, in the person who is indebted to the corporation. True, the executrix is bound only to apply the assets received from the decedent to the payment of the debts of the decedent. Beyond that she has no obligation; but, even though the debt may be in part uncollectible, it has not been paid or discharged where the assets are sufficient to pay only a dividend or fractional part of the debt. In such case, the statute permits the creditor corporation to refuse to consent to a transfer of the stock even though such refusal makes a sale of the stock difficult or impossible. The statute, indeed, was intended for the purpose of impeding a sale of stock, as long as the stockholder remained indebted to the corporation.

The corporation has maintained its hold not only upon the stock but upon the dividends payable upon the stock. The right to the dividends is an incident of the ownership of the stock. The executrix is the owner of the stock, and the statute, as we have pointed out, does not alter or diminish any rights of ownership except the right to make a complete transfer of the stock. The provision of the order that the amount of dividends retained by the corporation shall constitute a partial payment of the distribution or dividend payable to the corporation is correct.

The order of the Appellate Division and that of the Surrogate's Court should be reversed, with costs to the appellant payable out of the estate, and the proceeding remitted to the Surrogate's Court for further order in accordance with this opinion.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Orders reversed, etc.