LUCIUS G. LACY and Another, as Executors, etc., of EDGAR N. WILSON, Deceased, and Another, Plaintiffs, *v.* FIRST TRUST AND DEPOSIT COMPANY, Defendant.

Supreme Court, Onondaga County, July 8, 1931.

*MacKenzie, Smith, Michell & Bruce [Charles E. Spencer* of counsel], for the plaintiff.

*Hiscock, Williams & Cowie [LeRoy Williams* of counsel], for the defendant.

DOWLING, J.   On May 1, 1896, the Third National Bank of Syracuse issued and delivered to Edgar N. Wilson eleven and one-quarter shares of its capital stock.   Mr. Wilson continued to be owner of said shares until his death on July 11, 1927.   He died insolvent, leaving a will, to the probate of which objections were filed.   Pending the determination of the objections, Merchants National Bank and Trust Company of Syracuse was appointed temporary administrator.

Some time prior to his death Mr. Wilson lost said certificate of stock.

On October 28, 1928, the surrogate of Onondaga county granted an order permitting the temporary administrator to sell and dispose of the personal assets of the Wilson estate, among which were said shares of stock.   Plaintiff Henry H. Curtiss bought said eleven and one-quarter shares of stock at $230 per share, when it was offered for sale by the temporary administrator.   The temporary administrator was unable to locate said certificate and no delivery thereof was made to Mr. Curtiss.   He knew, before he purchased said stock, that said certificate had been lost, and that delivery thereof could not be made.

After the sale of said stock to Mr. Curtiss, the temporary administrator notified the Third National Bank of the loss of said certificate and demanded the issuance to it of a new certificate.   Plaintiff Curtiss joined in this demand.   Said bank refused to issue the required certificate.

On February 8, 1929, defendant acquired the assets and good will of said Third National Bank and assumed all of the obligations of said Third National Bank.

The will of Edgar N. Wilson was eventually probated and the executors therein mentioned duly qualified.   The temporary administrator accounted and turned over the assets to the executors of said estate.

When the defendant acquired said Third National Bank, it agreed that each stockholder of the said bank, for each share of stock held, should be entitled to receive a share of new stock of

defendant, of the par value of $100, warrants to be issued for fractional shares.

On May 28, 1929, the defendant increased the number of shares of stock it was authorized to issue from 36,000 to 180,000, and reduced the par value from $100 per share to $20 per share, so that each of its stockholders and persons entitled to its stock became entitled to five shares in place of each share held before such increase.

The executors of the Wilson estate duly ratified and confirmed the sale of said eleven and one-quarter shares of its stock to the plaintiff Curtiss and demanded of the defendant that it issue and deliver to them, as executors of said estate, a certificate, or certificates, for and on account of said lost or destroyed certificate, and they offered to furnish a bond to indemnify the defendant against any loss, injury or damage arising from the issuance of such new certificate, or certificates, and they are still ready and willing to furnish such bond.  Defendant refused and still refuses to comply with said demand for the reason that said Edgar N. Wilson, at the time of his death, was indebted to the Third National Bank and, consequently, to the defendant, in the sum of $35,980.80.

Defendant offered to issue to said executors, on receipt of a suitable indemnity bond, the required certificates and to transfer the same to the plaintiff Curtiss with the provisions of section 66 of the Stock Corporation Law written or printed thereon.  Plaintiffs refused to accept certificates so labeled and have brought this action to compel the defendant to issue to the plaintiff executors the required number of shares of its capital stock and a warrant for said fractional share and to transfer the same to the plaintiff Curtiss on its books without bearing any reference to said section 66.

Defendant now withdraws its offer to issue said stock, labeled as aforesaid, and defends upon the ground that, in view of the fact that the Wilson estate is indebted to it in the sum of $35,980.80, it should not be compelled to issue said stock, or warrant, to said executors, on the theory that persons seeking the aid of equity should be required to do equity by first paying the said Wilson indebtedness.  Defendant also maintains that, so far as plaintiff Curtiss is concerned, he cannot maintain this action under section 160 of the Personal Property Law, since the certificate of the shares purchased by him was not delivered to him, and that he bought with knowledge of the facts, and is not a purchaser in good faith.

Section 66 of the Stock Corporation Law provides as follows: " Transfer of stock by stockholder indebted to corporation.  If a stockholder shall be indebted to the corporation, the directors may refuse to consent to a transfer of his stock until such indebted-

ness is paid, provided a copy of this section or the substance thereof is written or printed upon the certificate of stock."

It is quite clear that the Third National Bank had no authority to impress Wilson's stock with any legend indicating that it claimed a hold upon the same due to Wilson's indebtedness to it. (U. S. Code Anno. tit. 12, § 83; *Buffalo German Ins. Co.* v. *Third National Bank*, 162 N. Y. 163.) Plaintiff executors stand in the shoes of their testator.

Plaintiffs maintain that since the Third National Bank was prohibited from impressing a lien on Wilson's stock the defendant is under the same inhibition. Such conclusion does not necessarily follow. Mr. Wilson and all other stockholders in the Third National Bank, when defendant acquired said Third National Bank, became bound by its charter, by-laws, rules and regulations and by the law of the State of New York applicable to trust companies and stock corporations. Wilson's indebtedness to the Third National Bank became an indebtedness to the defendant. Under such circumstances, the provisions of section 66 of the Stock Corporation Law of the State of New York became effective. Said section gave the defendant a lien, in the nature of an attorney's lien, against the Wilson stock and forbids the transfer thereof until such lien is discharged. While the defendant has a holding lien, it has no preferred claim or lien and must share *pro rata* with the creditors of the Wilson estate. (*Matter of Starbuck*, 251 N. Y. 439.) This is not a case where the court should refuse to compel the defendant to issue the required certificates.

It is the duty of the defendant to issue to the executors, upon receiving a suitable indemnity bond to be approved by the court, the requisite certificate, or certificates, and warrant to replace the said lost certificate.

The defendant has the right to write or print upon the new certificate, or certificates, and the warrant, section 66 of the Stock Corporation Law, or the substance thereof, and it may properly refuse to transfer said certificate, or certificates, and warrant to the plaintiff Curtiss until the Wilson estate discharges its indebtedness to the defendant *pro rata* with other creditors.

I think the plaintiff Curtiss is not barred from maintaining this action, even though he did not get physical possession of said certificate of stock.

Findings and judgment accordingly, with costs.