**GLOBE SLICING MACHINE CO., Inc.,
and Lewis Novoting, Plaintiffs-
Appellants,**

v.

**Rolf K. HASNER, Defendant-Appellee,
and
Astrid Sivertsen, Defendant.
No. 450, Docket 28682.**

United States Court of Appeals
Second Circuit.

Argued April 29, 1964.

Decided June 15, 1964.

**414**

Edward N. Costikyan, New York City (Arthur L. Liman, Roger Goldberg, Paul Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for plaintiffs-appellants.

Richard Hawkins, New York City (Rogers Doering, Simpson, Thacher & Bartlett, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

LUMBARD, Chief Judge.

The question for decision in this diversity case is whether under the laws of New York the by-laws of Globe Slicing Machine Company prohibiting the "sale or disposition" of shares of its capital stock without first giving the corporation or its other stockholders an opportunity to purchase are applicable to transfers consequent on the death of a stockholder and effected pursuant to the stockholder's will.

Judge Murphy, in dismissing plaintiffs-appellants' complaint, held that the by-law in question did not have the effect of restricting a testamentary disposition of the shares of stock owned by Peter M. Sivertsen, one of the founders of Globe and its president from its organization in 1925, inasmuch as the restrictive wording of the by-law did not clearly encompass testamentary dispositions. We affirm this holding.

Globe was organized under the laws of New York in 1925 by a small group of businessmen, including Lewis Novoting and Peter M. Sivertsen. In 1930, Globe raised capital by selling Class A and Class B stock to William Schmitz and George Schaab. Simultaneously with the sale of stock to these outsiders, Globe adopted Article IX which, in pertinent part, provided:

> "No sale or disposition of any shares of the capital stock of this corporation by any stockholder shall be valid unless and until he shall give notice in writing of such intention to the corporation, and to all the present stockholders of the company (with the exception of Mr. Frederick Singer) whereupon the company and all of said stockholders shall jointly and/or severally have the option and right to purchase the same within thirty days after receiving such notice * * *."

By 1942 Sivertsen and Novoting had become the only holders of Class A stock, and their wives the only holders of Class B stock. On October 28, 1962, Peter M. Sivertsen died. He had executed a will in July 1962, appointing Rolf Hasner as his executor, and bequeathing all of his stock, 54% of Globe's Class A common stock, to his wife Astrid Sivertsen. The Class A common stock had the exclusive right to elect directors. The appellant, Lewis Novoting, owns the balance of the Class A shares as well as a majority of the Class B shares which confers the right to vote on all other matters.[1] The appellants offered to buy the shares owned by Sivertsen at a formula price set forth in Article IX and when Hasner refused they

---

1. Novoting holds Class B stock as executor of the estate of his deceased wife, Josephine Novoting.

brought suit in the Southern District of New York to restrain Hasner from "violating the provisions of Article IX."

■ The plaintiffs claim they have a first option to purchase the decedent's shares of Globe stock. Under New York law first option provisions restricting alienation of stock through testamentary as well as *inter vivos* transfers are valid. Allen v. Biltmore Tissue Corp., 2 N.Y. 2d 534, 161 N.Y.S.2d 418, 141 N.E.2d 812, 61 A.L.R.2d 1309 (1957). However, as Justice Coleman stated in Storer v. Ripley, 12 Misc.2d 662, 178 N.Y.S.2d 7 (N.Y.Co.1958), if a restriction on the alienability of stock is to be effective in the case of a transfer consequent on death "that consequence must be clearly expressed."

■ ■ Upon Sivertsen's death title to his stock was transferred by operation of law to his personal representative, Hasner. "[T]he corporation is bound to register upon its books the transfer of the certificate of stock to the [executor] in [his] representative capacity." Matter of Starbuck, 251 N.Y. 439, 167 N.E. 580, 65 A.L.R. 216 (1929). The question thus centers on whether the executor can transfer the stock to the decedent's beneficiary, Astrid Sivertsen, notwithstanding the wording of the 1930 by-law. In light of the New York policy to construe first option restraints narrowly, we affirm the district court's holding that Article IX of Globe's by-laws does not apply to testamentary dispositions. Storer v. Ripley, supra; Lane v. Albertson, 78 App.Div. 607, 79 N.Y.S. 947 (2d Dept., 1903). In the Lane case the court had before it the articles of a joint stock association which provided that:

"No member of the association, nor his executors, administrators, or other legal representatives, shall sell or transfer any of the capital stock of the association held by him or them, without first offering the same for sale to the association * * *".

The Appellate Division held as a matter of law that the quoted words did not apply either to the transfer of the shares from the decedent to his executor or to the subsequent transfer from the executor to the residuary legatee. The fact that the critical words in the Lane case are "sell or transfer" while in the instant case the limitation is upon "sale or disposition" does not alter the application of a narrow construction of the by-law. First option provisions in order effectively to restrain dispositions by will must specifically so provide. This was not done here.

The appellants contend that summary judgment procedures employed by the district court were improper. We disagree. In opposing Hasner's motion for summary judgment in the district court the appellant raises no claim that there were any additional facts which should have been considered in disposing of the motion. Nor have the appellants called our attention to any relevant testimony which was not considered by the district court.

■ After the district court declared that the decedent's executor, Hasner, was not required under Article IX to offer for sale Sivertsen's shares to the appellants, Novoting made new efforts to limit the influence of Hasner's shares in Globe's affairs. Within hours after summary judgment was entered Novoting had 50 shares of Class A stock transferred from Globe's treasury to himself in exchange for $40,000 and his promise to pay such additional sums as were fixed later by the Board of Directors as fair value. Clearly the district court was justified in issuing an injunction so as to give effect to its judgment and thereby preserve the voting rights of Hasner. However, the appellants argue that the injunction is defective in that it was both too broad and unaccompanied by findings, and, as such, fell short of the stringent standards for the issuance of injunctions provided by Rule 65(d) of the Federal Rules of Civil Procedure. We agree. The injunction does not stop at prohibiting Novoting from voting shares issued without the authorization of the Board of Directors; it restrains

Novoting from "taking any action, including making any application in any other court than this Court, to interfere with the exercise by defendant Hasner of his rights * * *." The scope of the injunction is not limited sufficiently to prevent infringement of the rights that Novoting does have, such as petitioning for dissolution of Globe.

Moreover, Rule 65(d) requires that "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance * * *". Yet neither in its opinion nor judgment has the district court stated the reasons for the issuance of the injunction. Upon remand the district court should amplify its order to comply with Rule 65(d).

We affirm the judgment of the district court, but remand the case for amplification of the court's order and modification of its injunctive provisions, consistent with this opinion.