SECURITIES AND EXCHANGE
COMMISSION

v.

The FUNDPACK, INC., et al.

Appeal of Morrie SCHACTMAN.

No. 81–1063.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 13, 1981.

Before WRIGHT, TAMM and ED-
WARDS, Circuit Judges.

JUDGMENT

PER CURIAM.

This cause came on to be heard on the
record on appeal from the United States
District Court for the District of Columbia
and was briefed and argued by counsel.

The District Court, at the time of the
issuance of the injunctions in this case, did
not have the benefit of this court's opinion
in *SEC v. Savoy Industries, Inc.*, 665 F.2d
1310 (D.C.Cir. 1981). Since many of the
issues raised on this appeal were addressed
in *Savoy Industries*, it is

ORDERED and ADJUDGED by this
court that the record in this case is hereby
remanded to the District Court for a brief
statement of reasons, with relevant facts,
justifying the breadth of each injunction
under review. *See Schmidt v. Lessard*, 414
U.S. 473, 476, 94 S.Ct. 713, 715, 38 L.Ed.2d
661 (1974) *(per curiam); Globe Slicing Ma-
chine Co. v. Hasner*, 333 F.2d 413, 415–416
(2d Cir. 1964), *cert. denied*, 379 U.S. 969, 85
S.Ct. 666, 13 L.Ed.2d 562 (1965). In view of
*Savoy Industries*, the District Court may
consider whether one or more of the injunc-
tions should be modified. The District
Court may consider suggestions from coun-
sel for the parties as to the issues on re-
mand.

During remand the injunctions issued by
the District Court will remain in effect.
The record herein should be returned to this
court within ninety (90) days from the date
of this order.

APPENDIX
SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

THE FUNDPACK, INC., et
al., Defendants.

Civ. A. No. 79–859.

United States District Court,
District of Columbia.

Nov. 20, 1980.

FINAL JUDGMENT OF PERMANENT
INJUNCTION AS TO DEFENDANT
MORRIE SCHACTMAN

JUNE L. GREEN, District Judge.

Plaintiff Securities and Exchange Com-
mission ("Commission") has filed its

Amended Complaint and its Motion for Summary Judgment ("Motion") pursuant to Rule 56, Fed.R.Civ.P., as to defendant Morrie Schactman ("Schactman") and Schactman has filed his answer to the Amended Complaint and his opposition to the Commission's Motion. The Court has considered the memoranda, affidavits and exhibits and other evidence submitted by the parties in support of and in opposition to the Motion and has been otherwise fully advised as to the premises. The Court finds upon the basis of the foregoing that there is no genuine issue as to any fact material to the outcome of the Commission's action as to Schactman and that these facts establish that, as a matter of law, the Court should enter the relief as to Schactman sought by the Commission in the Amended Complaint.

Accordingly, it is hereby:

I

ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, in connection with the purchase or sale of any security, by use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange:

(1) employing any device, scheme or artifice to defraud; or

(2) making any untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

[Section 10(b), Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5]

II

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, in the offer or sale of securities, by the use of the means or instruments of transportation or communication in interstate commerce, or by the use of the mails:

(1) employing any device, scheme or artifice to defraud; or

(2) obtaining money or property by means of any untrue statement of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

[Section 17(a), Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)]

III

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, by the use of the mails or any means or instrumentality of interstate commerce, as an investment adviser:

(1) employing any device, scheme or artifice to defraud any client; or

(2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(3) engaging in any act, practice or course of business which is fraudulent, deceptive or manipulative.

[Section 206, Investment Advisers Act of 1940, 15 U.S.C. § 80b–6]

## IV

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, engaging in any acts, practices or course of conduct constituting a breach of fiduciary duty involving personal misconduct with respect to any registered investment company for which Schactman serves or acts, directly or indirectly, as officer, director, member of advisory board, investment advisor or depositor or as principal underwriter (if such registered company is an open-end company, unit investment trust or face-amount certificate company).

[Section 36(a), Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a–35(a) ]

## V

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors, and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, serving or acting as officer, director, member of any advisory board, investment advisor, or depositor or as principal underwriter (if of an open-end company, unit investment trust, or face-amount certificate company) for any registered investment company.

[Section 36(a), Investment Company Act, 15 U.S.C. § 80a–35(a) ]

## VI

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, making any untrue statement of a material fact in any registration statement, application, report, account, record or other document filed or transmitted pursuant to the Investment Company Act [15 U.S.C. § 80a–1 *et seq.*] or by omitting to state in any such registration statement, application, report, account, record or other document any fact necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

[Section 34(b), Investment Company Act, 15 U.S.C. § 80a–33(b) ]

## VII

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, filing or causing to be filed with the Commission or transmitting or causing to be transmitted to the Commission or to the investing public any annual, semiannual or quarterly reports of any issuer, pursuant to Sections 30(a), 30(b) and 30(d) of the Investment Company Act [15 U.S.C. §§ 80a–29(a), 80a–29(b) and 80a–29(d) ] and the rules and regulations thereunder, which contain any untrue statements of a material fact or omit to state any material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading or omitting to disclose any fact required to be disclosed herein.

[Sections 30(a), (b) and (d), Investment Company Act, 15 U.S.C. §§ 80a–29(a), (b) and (d) ]

## VIII

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, soliciting any proxy by means of any proxy statement, form of proxy, notice of meeting or other communication containing any statement which at the time and in the light of the circumstances under which it is made is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

[Section 20(a), Investment Company Act, 15 U.S.C. § 80a–20(a) ]

## IX

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, engaging in any acts, practices or course of conduct constituting a breach of the duty of an investment adviser to any registered investment company to furnish to the directors thereof such information as may reasonably be necessary to evaluate the terms of any contract whereby a person undertakes regularly to serve or act as investment adviser of such registered investment company.

[Section 15(c), Investment Company Act, 15 U.S.C. § 80a–15(c) ]

## X

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, engaging in any acts, practices or course of conduct constituting a breach of fiduciary duty with respect to the receipt of compensation for services or of payments of a material nature, paid by any registered investment company of which Schactman acts, directly or indirectly, as investment adviser.

[Section 36(b), Investment Company Act, 15 U.S.C. § 80a–35(b) ]

## XI

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, absent a legally available exemption, making use or causing any issuer to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any security as to which there is no registration statement in effect or to carry or transmit any prospectus relating to any security with respect to which a registration statement has been filed under the Securities Act [15 U.S.C. § 77a *et seq.*] unless such prospectus meets the requirements of Section 10 of the Securities Act [15 U.S.C. § 77j].

[Section 5, Securities Act, 15 U.S.C. § 77e]

## XII

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attor-

neys, successors and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, causing any registered investment company (the "acquiring company") to purchase or acquire shares of any other investment company (the "acquired company") such that immediately after such purchase or acquisition the acquiring company owns in the aggregate more than 3% of the total outstanding voting stock of the acquired company.

[Section 12(d)(1)(A)(i), Investment Company Act, 15 U.S.C. § 80a-12(d)(1)(A)(i) ]

### XIII

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Schactman and his agents, servants, employees, attorneys, successors, and assigns, and those persons in active concert or participation with them, and each of them, be, and they hereby are, permanently enjoined from, directly or indirectly, singly or in concert with or aiding or abetting any other person, causing any registered investment company to deviate (1) from any investment policy which is changeable only if authorized by shareholder vote, or (2) from any policy recited in its registration statement filed pursuant to Section 8(b)(3) of the Investment Company Act [15 U.S.C. § 80a-8(b)(3) ].

[Section 13(a)(3), Investment Company Act, 15 U.S.C. § 80a-13(a)(3) ]

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment pursuant to Rule 54(b), Fed.R.Civ.P.